JACKSON, *ex dem.* PIONEER and others, *against* GARNSEY.

*Eight other several causes, on the same demise, against different defendants.*

AT the last *August* term, application was made, in these causes, for judgment as in case of nonsuit, which was founded on one notice and affidavit, embracing all the causes; and but one motion was made for the whole. This motion was resisted by one set of affidavits, embracing all the causes, and containing the same facts as to all. The motion was denied, with costs, and only one rule entered. These costs were taxed at $14,18 in the first, and $8,43 in each of the other causes.

*A. Van Vechten,* for the defendants, moved an appeal from this taxation, on the authority of *Jackson* v. *Keller,* (13 *John.* 310.)

*L. H. Palmer,* contra, cited *Boyce* v. *Thompson,* (20 *John.* 274.) He said *Jackson* v. *Keller* was the case of a motion granted. Here it was denied, with costs; and the grounds of opposition might be different in each cause.

*Curia.* Let the costs be re-taxed; the whole to be included in one bill, and but one taxation to be charged; the Clerk's fees to be allowed and included in the bill, according to the rule in *Boyce* v. *Thompson,* (20 *John.* 274.) We allow but one fee to the attorney, one fee to counsel, and one brief, one copy of costs, one notice of taxation, and one attendance, one service of rule, and one power to demand costs. It is true, that *Jackson* v. *Keller* was the case of a motion granted; but the principle is the same, whether the costs be on granting or denying the motion. If it be plain, in either case, that one set of affidavits is sufficient, no more should be allowed.

Rule accordingly.

*Margin note:* Motion, by several different defendants, on one set of affidavits, in divers causes, at the suit of the same lessors of the plaintiff; opposed on one set of affidavits entitled in all the causes, and the motions denied with costs. *Held,* that there should be only one taxation in all; the services of the attorney and counsel for the plaintiff to be taxed as if there were only one cause, but clerk's fees to be allowed in the several causes, according to *Boyce* v. *Thompson,* (20 *John.* 274.)