## BANDER *against* COVILL.

In determining the sufficiency of a notice of trial, (*e. g.*) a notice for the day before the circuit is appointed to commence, the court will not only look to the face of the notice, but other circumstances, to see whether the opposite party was, in fact, misled by the mistake.

THE plaintiff's attorneys noticed this cause for trial and inquest, by a notice, dated Nov. 3, 1824, that it would be tried at the next Circuit Court to be held in and for the county of Rensselaer, at, &c. on the 3d Monday of November instant, whereas the Circuit was appointed for, and commenced on the next day, the 3d Tuesday of that month; but it appeared, by various conversations between the counsel of the parties, which took place in the course of the Circuit, that the defendant's counsel, or attorney, was not misled by the mistake. The plaintiff's counsel took an inquest by default, which

*J. Payne*, for the defendant, moved to set aside, for the defect in the notice.

*A. Conkling*, contra, cited *Quick* v. *Merrill*, (3 Caines' Rep. 133,) and *Wolfe* v. *Horton*, (id. 86.)

*Curia.* In determining the sufficiency of this and the like notices, it is a general rule that we will inquire whether the attorney or party was misled by the defect. Now though these Circuits are not appointed by law, yet notice is required to be published, and the attorneys, especially where, as here, they live directly in the neighborhood of the Circuit, must look to it. But we will also examine the question whether the party, his attorney, or counsel, have, in fact, been misled; and it appears clearly, in this case, that they have not. The motion must be denied.

Motion denied.