Pitcher
v.
Clark.

*Where a judgment is arrested by a court of general sessions, the remedy is by writ of error, and not by mandamus.*

---

PITCHER, survivor, &c. *vs.* CLARK.

MOTION to set aside an inquest. The attornies for the parties resided more than forty miles from each other, and the defendant was entitled to *fourteen* days notice of trial.

*Costs of motion will not be allowed, tho' the party prevails, where the affidavits* on which the motion is founded are loaded with irrelevant matter. When a notice served on an agent is short, the court will not inquire whether it came to the hands of the principal in season to make it a good personal service.

UTICA,
August, 1829.

Wright
v.
Williams,

The notice was served 26 days before the trial, on the agent of the defendant's attorney, who transmitted the same to the attorney, by whom it was received on the second day after the service on the agent.

*By the Court,* MARCY, J.   The notice being served on the agent, the service should regularly have been *twenty-eight* days.   The only inquiry is, whether the service on the agent is regular.   *It is immaterial when the notice came to the* hands of the attorney ; knowing that the service was insufficient on his agent, he had a right to avail himself of the defect in the service.   The inquest must therefore be set aside, *but without costs,* for the reason that much irrelevant matter is incorporated in the affidavit on which the motion is founded.·   The court will not require the taxing officer to dissect affidavits to determine what is pertinent ; but whenever they are loaded with matter unnecessary to the correct determination of the question, and manifestly with a view of increasing costs against the opposite party, the court will invariably refuse to allow any costs whatever of the motion, though it be successful.