ALBANY,
Feb. 1831.

Williams
v.
Cox.

WILLIAMS *vs.* COX.

In a proceeding under the act to compel the determination of claims to real estate, *notice of the rule to appear and plead*, entered by the party instituting the proceeding, need not be given.

Should such party obtain a *judgment* as well as a *default* before the appearance of his adversary, whether the court could grant relief by opening the judgment? *Quere.*

_ MOTION to open a default. On the 7th *July*, 1830, a no- February 3. tice was served by Cox on Williams, under the act to compel the determination of claims to real property, 2 *R. L.* 312, § 1, *et seq.* requiring him to assert his claim in the manner provided by law, a rule to appear and plead was entered, and on the 22d October his *default* was duly entered. About the middle of *December*, Williams was informed by Cox that such proceedings had been had that he was barred of his claim. Williams now on an affidavit of title, and that he had rested easy under the advice of counsel that no further proceedings could be had against him until served with a notice of the rule to plead, applied to open the default, and that he have leave to plead. The application was resisted on the grounds that Cox had lost the benefit of the evidence of two aged witnesses, one of whom had died, and the other had become disqualified from giving testimony by reason of a paralytic shock, both of which events had happened in the month of *December* last, and that a circuit court had been held in the county where the land was situated in *November* last, where he had intended to urge the trial of the title to the land; and he insisted that by this statute a new limitation was created, requiring a prosecution for the recovery of land within *three* instead of *twenty* years, where the defendant was in actual possession, and that after notice to assert his claim, if the party did not plead within *forty days* the time limited by the statute, he was forever barred.

*J. Williams,* for the motion.

*M. T. Reynolds,* contra.

ALBANY,
Feb. 1831.

Anon.

*By the Court*, SAVAGE, Ch. J.    Had a judgment been entered against Williams, I am not prepared to say but the effect of the proceeding would have been such as is contended for by the counsel of Cox; but judgment has not been entered, the party has proceeded no further than the entry of a *default*, and the court therefore, in the exercise of their discretion, may grant relief. The proceeding is novel, and the party under the advice of counsel was misled. We therefore grant the motion on payment of costs.