## PLATT *vs.* TORREY. [572]

A default and judgment entered thereon, in a proceeding under the statute *to compel the determination of claims*, will be set aside on showing good cause, the same as in a *personal* action.

The rule to appear and plead may be entered during the same *term* in which notice is served, if the notice be served during a term.

Notice of the rule to appear and plead need not be served upon the *attorney* of the party upon whom the original notice was served.

Whether the *original notice* can properly be served by the party himself who institutes the proceedings, *quere.*

Whether a notice in the words of the statute is sufficient, or whether it should specify what the party will be required to do, and the manner of doing it, *quere.*

Where papers to resist a motion are unnecessarily voluminous, *costs* will not be allowed, although the moving party otherwise would have been relieved only on payment of costs.

MOTION to set aside a default. *Platt* served *Torrey* with a notice under the statute to compel the *determination of claims* to real property, (2 *R. S.* 312.) The notice was served on the 29th January, 1836; a rule to appear and plead was entered the next day. Torrey employed an attorney, who served notice of retainer on the 24th of February. On the 12th April his default for not pleading was entered, and at May term Platt perfected a judgment that Torrey be forever barred from all claim to the land. Torrey swears to merits; and an excuse for not pleading in time and for not making the motion at an earlier day, was contained in the papers. A motion was made to set aside the default and all subsequent proceedings, and that Torrey be allowed to plead, which was opposed.

*By the Court,* BRONSON, J. A preliminary objection is made to the motion, that the court cannot grant relief after a judgment has been perfected under this statute; and the counsel refer to *Williams* v. *Cox,* (6 *Wendell,* 519.) The question was not necessarily presented in that case, and the chief justice evidently did not intend to decide it. I think the court has the same power over this judgment that it has over any other; and that it may be set aside for irregu- [573] larity, or on the ground of merits, where the ends of justice require such a course. This statute authorized a proceeding unknown to the common law, and for that reason declared the effect which the judgment should have. All final judgments are conclusive between the parties as to the matters to which they particularly relate, until they are either reversed or set aside; and this judgment is none the more conclusive because its effect has been declared by statute. The provision that the party shall be forever barred from all claim to the land, means no more than that he shall be precluded so long as the judgment remains in force. The argument would be almost as strong against a writ of error, as it is against the power to set aside the judgment according to the settled practice of the court in other cases. The statute creates a new and very short limitation, and great injustice may be done if the court should refuse to exercise its ordinary equitable control over the parties and their proceedings.

It is insisted on the part of Torrey, that the notice served upon him was insufficient. It did not specify what in particular he was to do, nor within what time he was to act, but merely followed the words of the statute, " unless you appear in the supreme court within the time, and assert your claim in the manner provided by law, you and all persons claiming under you will be forever barred." I do not think it necessary to decide this point on the present motion. The question is on the record, and if the notice was insufficient the party has an adequate remedy by writ of error.

It is also objected that the rule to appear and plead was entered at the same term within which the notice was served. The statute provides that the rule may be entered " upon any day in any term of the supreme court after the service of such notice." The words may admit of a different construction, but I think the reasonable interpretation is, that the rule may be entered upon any day

301

in term after the service of notice. In the case of *Williams* v. *Cox*, the notice was served and the rule entered within the same term.

The notice was served by *Platt* himself, and the affidavit of service [574] was made by him. Such a practice may lead to great abuse; but it is a sufficient answer in this case that Torrey admits the service.

It was not necessary to serve the attorney of Torrey with a notice of the rule to appear and plead. The notice served on the party is the only one required until after he has appeared and pleaded.

The default is sufficiently excused, and Torrey ought to have an opportunity to try what he deems a valid claim to the property. The default and all subsequent proceedings must be set aside on payment of costs, and the party be allowed to plead or bring his action of ejectment. Under ordinary circumstances Platt would also be entitled to the costs of opposing the motion; but they are denied on the ground that his papers are most unreasonably voluminous, and seem to have been prepared with an express view to the question of costs. In addition to his own affidavit of 77 folio, there are seven other affidavits, made for the most part by persons who know nothing pertinent to the motion; and the papers in opposition amount together to 104 folio. Papers are copied which were served by the other party. All the proceedings in the cause, including the judgment record, are not only copied without either necessity or propriety, but several of them are copied more than once. And what is still worse, a judgment record and other proceedings between Torrey and one Benjamin Seelye are also set out at length. The remark of Lord Mansfield, in the conclusion of the case of *Rex* v. *Monday*, (*Cowp.* 540,) although it need not now be repeated, is worthy of some attention in preparing papers to oppose a motion which the party supposes must either be denied with costs, or granted only on payment of costs. In this case the court will not refer it to a taxing officer to say how much impertinent matter there was in these affidavits, but they will take a more efficient course to correct the evil by denying costs altogether. (*Pitcher* v. *Clark*, 2 *Wendell*, 631.)                                               Motion granted.