## BALLOU v. SMITH.

Where the court decided that a mandamus should issue against a justice of the peace, commanding him to make out a copy of the recognizance entered into upon an appeal taken from a judgment rendered by him—*held,* that costs should be allowed to the petitioner.

Affidavits used upon the question whether such a mandamus should issue are taxable for the petitioner, in his bill of costs.

MOTION for costs. At the last term of this court, it was decided that a mandamus should issue against the defendant, a justice of the peace of this county, commanding him to make out a copy of a recognizance in due form, alleged to have been entered into by the plaintiff and his sureties, upon an appeal having been taken by him from the judgment of the defendant, in a cause tried before said justice.

Upon the hearing of the petition and upon the question before the court, whether a mandamus should issue or not, sundry affidavits were used by both parties, without objection, tending to show what were the actual proceedings before the magistrate.

At this term of the court, a motion is made for costs against the defendant, in the proceedings for the mandamus; and in the bill presented for taxation, several items are included for the affidavits used upon the hearing.

*Bryant*, for the plaintiff.

*Tenney*, for the defendant.

EASTMAN, J. No good reason occurs to us why the petitioner should not have his costs. The statute provides that " costs shall follow the event of every action or petition, unless otherwise directed by law or by the court." Rev. Stat. ch. 191, § 1. There is no provision of law disallowing costs in proceedings of this nature, and the court are not inclined to disallow them. The petition became necessary in consequence of a failure on the part of the magistrate to do his duty, in making out a copy of the recognizance, so that the petitioner could proceed with his appeal. It is not necessary that the petitionee intended to act improperly. It is sufficient that he failed to comply with the law, and that the petition for the mandamus became necessary in consequence of that failure.

Whether the affidavits can be taxed is a question of more doubt. Ordinarily, it is not the practice, in this State, to tax affidavits in a bill of costs. Various motions are oftentimes made in the progress of a cause, to sustain which, affidavits are introduced and used; but on all such incidental motions no costs were ever allowed. A different rule prevails in some other jurisdictions, and motions accompanied by affidavits are, upon decision, usually followed by costs to the one party or the other, in the discretion of the court. *Pitcher* v. *Clark*, 2 Wend. 631; *Jackson* v. *Guernsey*, 3 Cow. 385; *Legg* v. *Kinney*, 2 Wend. 255; *Dews* v. *Eastham*, 5 Yerger 233; *Donalson* v. *Jackson*, 9 Wend. 450. But we have no such rule or practice with us.

We are inclined to think, however, that these affidavits should be taxed. They were taken upon the main issue before the court,—the issue whether the mandamus should be granted or not,—and they were necessarily used upon that question, the decision of which settled the whole mat-

ter pending in court. It was not an incidental or collateral motion that was to be settled, but a question involving the entire issue presented by the proceedings.

*Costs allowed.*