## McGUIN *a*. CACE.

*New York Common Pleas ; General Term, June, 1859.*

MOTION FOR LEAVE TO ANSWER.—OPENING DEFAULT.—APPEAL.

The defendant by reason of an irregularity in the service of an order giving him more time to answer, suffered his time to elapse without answering. He then moved before judgment was entered against him for leave to answer.

*Held*, 1. That his application showing substantial matter of defence should be granted.

2. That an order denying the motion was appealable without a certificate of the judge, under rule of 22d March, 1851.

Where defendant shows that he has substantial matter of defence, his rights should not be summarily disposed of by denying a motion to be relieved from an irregularity.

Appeal from an order at special term denying defendant's motion for leave to answer.

The facts are stated in the opinion.

BY THE COURT.—HILTON, J.—The defendants appealed from an order made at special term, denying their motion for leave to serve an answer.

It appears that before the time for answering the complaint expired, the defendants, upon a proper affidavit, obtained from one of the judges of this court an order extending the time to answer twenty days.

The order was duly served on March 21, 1859, the day of its date, upon the plaintiff's attorney, but the service was not accompanied with the affidavit on which it was granted. It was for this reason disregarded (*Code*, § 405), and notice of taxation was given of the plaintiff's costs, evidently preparatory to entering the judgment.

Three days after the order was thus served, the defendants served a copy of the affidavit, but subsequently, fearing the plaintiff would disregard the order and enter judgment, they applied for leave to serve an answer, thus treating the cause as one where the time to answer had expired, but no judgment entered.

The affidavits presented upon the motion show that the plaintiff, as assignee of one McGuin, sues to recover from the defendants, who are brokers, the balance due upon the sale by McGuin to them of certain improvement certificates of the city of Hoboken, which were issued by that city to McGuin, under a mistake, and were received by him with a full knowledge that he was in no way entitled to them ; or, to state the facts with more distinctness, McGuin had done work for the city, for which he had been paid on account from time to time as the work progressed ; when it was finished he presented a statement of the whole work done, for which he was paid by the officers of the city the full contract price, they omitting by mistake to deduct the sums thus previously paid on account.

Some months after, on discovering the mistake, they applied to McGuin to return the certificates which he thus improperly received. He then made no claim that he was entitled to them,

and promised to arrange the matter. This he neglected to do, but on the contrary thereafter transferred to the plaintiff the balance remaining due from the sale of the certificates to the defendants.

The city of Hoboken has given notice to the defendants that they will not pay the certificates thus obtained, and a notice has been published in the newspapers to the effect that, as the certificates were issued through mistake and without consideration, they would not be paid, and cautioning the public against negotiating or purchasing them.

It is alleged that the plaintiff, at the time he accepted the assignment of the claim for which this action is brought, had a full knowledge of all these facts.

Upon these circumstances, which, if proved at the trial, it would seem sufficient to constitute a valid defence to this action, being shown by affidavits, I think the judge at special term erred in refusing the defendants leave to answer; thus in effect determining the action, and preventing a judgment from which an appeal might be taken. (*Code*, § 349, subd. 4.)

This was not a case where a party was asking to have a judgment vacated, and that he be let in to defend on the merits, the determination of which application might rest in in some degree in the discretion of the judge, and therefore might not be reversible on appeal, without a certificate under the rule of March 22, 1857; but it was the ordinary case of a party committing an irregularity in the service of a paper, and against which he was entitled to be relieved, upon such terms, however, as would be proper under the circumstances. (Quick *a.* Merrill, 3 *Cai.*, 133; Bandir *a.* Cavill, 4 *Cow.*, 60.)

It has long been the settled practice of these courts to set aside the default, on the defendant swearing to merits and paying costs (Davenport *a.* Ferris, 6 *Johns.*, 61; Tallmadge *a.* Sackholm, 14 *Ib.*, 342); and in Handford *a.* McNair (2 *Wend.*, 286), the court went so far as to hold that, upon a motion to open a default, the ordinary affidavit of merits could not be contradicted. Here there is not only the usual affidavit of merits presented, but the additional circumstances are shown, which, if uncontradicted, clearly make out a substantial defence.

The order appealed from should be reversed, and permission

given to the defendants to answer upon the payment to the plaintiff of $10 costs of the motion at special term.

DALY, F. J.—I did not fully understand this case when the motion was made for leave to put in an answer. Upon reading the affidavits now, I find that there is sufficient in the conduct of McGuin to support the allegation that he obtained the certificates fraudulently. The great excess over the amount due him, which was $3519, for which he received certificates for $8909, or $5390 more than he was entitled to, his haste to get the signature of the mayor, his subsequent recognition of the fact that he had been overpaid, and his promises to go over to Hoboken and arrange the matter, which he never kept, are circumstances from which it may be inferred that he disposed of the certificates to the defendants with a knowledge that he was not entitled to $5390 of the amount they represented ; and that in the sale of them to the defendants he dishonestly concealed the facts which, if disclosed, would have enabled the defendants to know that what they were purchasing was improperly obtained by McGuin from the Corporation of Hoboken. There may be some difficulty in the defendants' setting up a defence, unless the Hoboken Corporation are made parties ; but I quite agree with Judge Hilton that the defendants' rights should not be summarily disposed of upon a motion like this. There is quite enough in the affidavits to show a dishonest attempt on the part of McGuin and his assignee, who is alleged to have knowledge of the fact, to obtain, either from the defendants or the Corporation of Hoboken, a large sum of money to which they know they have no claim.

Order reversed.