John McCoun, Respondent, *v.* The New York Central and Hudson River Railroad Company, Appellant.

The provisions of the Code regulating the formal proceedings in an action do not, simply because they are statutory regulations, necessarily become of the substance of the remedy or substantial in their character. (Per Allen, J.; Church, Ch. J., Peckham, J., concurring.)

An order denying motion to set aside a summons and complaint upon the ground that the notice inserted in the summons is not under the right subdivision of section 129 of the Code, where the complaint was served with the summons, does not affect a substantial right, and is not appealable to this court. (Grover and Folger, JJ., dissenting.)

An action to recover a statute penalty is not an action upon a contract within the meaning of section 129 of the Code, and the summons in such an action should be in the form prescribed by the second subdivision of that section.

(Argued June 4, 1872; decided November 12, 1872.)

Appeal from an order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term, denying a motion to set aside the summons and complaint upon the ground of irregularity. The action was brought to recover a penalty or forfeiture under the statute to prevent extortion by railroad companies. (Chap. 185, Laws of 1857.) The summons was in the form prescribed by subdivision 1 of the 129th section of the Code of Procedure. The summons and complaint were served together.

*A. P. Laning* for the appellant. An action to recover a penalty or forfeiture given by statute is not " an action arising upon contract" within the meaning of subdivision 1 of the 129th section of the Code. (Code, §§ 53, 69, 127, 128, 129; *Fisher* v. *N. Y. C. R. R.*, Alb. Law Jour., vol. 5, p. 58; *Cole* v. *Smith*, 4 J., 193; *Bigelow* v. *Johnson*, 13 J., 428.) Although plaintiff unites in the complaint a cause of action upon contract, and one, not the summons, must be under the second subdivision of section 129. (*Morton* v. *Cary*, 26 How., 469.) The irregularity in the process is not cured by the service of the complaint with the summons. (*Ridder et al.* v. *Whitlock*, 12 How. Pr. R., 208; *Tuttle* v. *Smith*, 14 id.,

395; *Voorheis* v. *Scofield*, 7 id., 51.)   Although plaintiff is not misled if he is or may be prejudiced by the irregularity, the summons should be set aside. (*Field* v. *Stone*, 7 How., 12.)   The irregularity does affect a substantial right. (*Dix* v. *Palmer*, 5 How., 233; *Southworth* v. *Curtis*, 6 How., 271.)

*Thomas M. Webster* for the respondent.   The summons was in the proper form. (3 Wendell's Black., 160; 3 Stevens' Black., 535; 2 R. S., 5; *The People* v. *Bennett*, 5 Abb., 384; 6 Abb., 343; *The Bd. of Com'rs of Excise of Albany* v. *Clasen*, 17 How., 193; *Mason* v. *Hand*, 1 Lans., 66.)   The error, if any, did not affect a substantial right, and should be disregarded. (Code, § 176; *Brown* v. *Eaton*, 37 How., 325; *Baxter* v. *Arnold*, 9 How., 445.)

ALLEN, J.   The order in this and several hundred other actions now before us and depending upon the result of this appeal is not appealable.   Only such orders arising upon any interlocutory proceedings, or upon any question of practice, are appealable, as affect a substantial right and do not involve any question of discretion. (Code, § 11, sub. 4.)   A departure from the Code in any particular, in the progress of an action, does not necessarily affect a substantial right.   A strict and literal compliance with a statutory regulation is not necessarily of the substance of the remedy, or substantial in its character.   Whatever is a question of practice is of the same character, whether it arises under a positive statute, an express rule of the court, or the settled usages and law of procedure.   Under either a substantial right may be affected, and the questions may be such as to exclude the exercise of any discretion, but these are exceptional cases.   Most of the provisions of the Code are modal and intended for the regulation of the formal procedure in the action, and are no more sacred than any other rules of practice.   The Code recognizes this: 1st. By directing that any defect or error in the pleadings or proceedings which do

not affect the substantial right of the adverse party, shall be disregarded in every stage of the action. (Code, § 176.) And, 2d. By giving the largest liberty to the court in its discretion, either before or after judgment, to amend any pleading, process or proceeding by correcting a mistake in any respect. (Code, § 173.) If a literal adherence to the Code, and its forms and requirements, had been deemed a substantive right and essential in every case, these two sections would not have been enacted. It is necessarily wholly immaterial, and cannot, in the nature of things, affect a substantial right of the defendant, whether a summons is under the first or second subdivision of section 129, when a copy of the complaint, as was in all the cases before us except six, is served with the summons. The office of the summons is to bring the defendant into court to give the court jurisdiction of the person. The process, and its particular form, are prescribed by sections 127 and 128 of the Code. Civil actions must be commenced by the service of summons, which shall be subscribed by an attorney and directed to the defendant, and shall require him to answer the complaint within twenty days after the service of the summons. This is the effective process to subject the defendant to the jurisdiction of the court. The subsequent section (129) directs the insertion of a notice in the summons, in actions on contract for the recovery of money only, that judgment will be taken for a specified sum on failure of the defendant to answer, and in other actions, that application will be made to the court for the relief demanded. The statute permits the commencement of an action by the service of a summons without a complaint. (Code, § 130.) The purpose of the notice required by section 129 is to inform the defendant of the character of the action and the consequences of a default, that he may understandingly determine whether the protection and preservation of his rights call for an appearance and answer. But if the complaint is served with the summons, the defendant has more full and perfect knowledge of the cause of action and the consequences of a default than he

could get from the summons alone, and if there is an error or
defect in the summons, it carries with it the remedy and cor-
rection, and an effectual preventive against error by any one.
The objection is, that the notice is that the plaintiff will take
judgment for a specified sum instead of notice of an applica-
tion to the court for the relief demanded, or *vice versa.*
It would be trifling with the rights of suitors, sacrificing sub-
stance to the merest form, to hold that the denial of a motion
to set aside the summons and complaint under such circum-
stances affected a substantial right of the defendant, and that
he was or could be prejudiced by the particular form of the
notice.    Upon the merits, so far as it can be said to have
merits, the motion was frivolous.    The service of the sum-
mons with the notice in the form challenged, if no pro-
ceedings could regularly be taken under it, could affect
no one.    Conceding that the summons and notice were a
nullity until some action was taken, they injured no one.
*Non constat* that the plaintiff would ever take any proceed-
ings or undertake to obtain a judgment upon the service.
A mere notice cannot be set aside.    A defect like this is no
cause for setting aside the summons.    The defendant must
wait till some action or proceeding is had under it.    (Mac
Namara on Nullities, 182 and 183, and cases cited.)    But for
the reasons first assigned, I am for a dismissal of the appeals.
The question whether a party in court, by the regular service
of a summons, irregular it may be in form, shall litigate in that
suit or upon the service of another summons, slightly different
in form, when he has not been misled and does not lose the
benefit of any defence he may have had, and when the defen-
ses in the two actions must be precisely the same, does not
affect any substantial right.    (*Barder* v. *Covill,* 4 Cow., 60.)
Upon the question actually decided by the court below, I
am of the opinion that that court erred in holding the
summons to have been regularly issued under the first sub-
division of section 129 of the Code.    The actions within
that subdivision must "arise on contract and be for the
recovery of money only."    This action is for the recovery

of money only, and in that respect is within the provisions of the subdivision, but is not upon contract. That term was used in its ordinary and proper sense. A contract is a drawing together of minds until they meet and an agreement is made to do or not to do some particular thing. It may be express, or it may be implied or inferred from circumstances, and this implication is but the result of the ordinary and universal experience of mankind. If A. borrows money of B., the courts may imply a promise to repay the money, for the universal experience is that in such a case a promise is exacted and made. An implied promise or contract is but an express promise, proved by circumstantial evidence. It is quite distinct from that fiction by which a statute liability has been deemed sufficient to sustain an action of assumpsit, upon the ground that a party subjecting himself to the penalty or other liability imposed by statute has promised to pay it. That feature does not suppose a contract, but simply a promise *ex parte*. In this view, every man promises not to trespass on his neighbor's property, or to commit an assault upon his person, and an action of assumpsit might be brought and summons issued under the first subdivision of section 129, for a breach of this implied contract to observe the laws. The Code was not dealing with a legal fiction in prescribing a form of summons in actions arising on contract. A statute liability wants all the elements of a contract, consideration and mutuality, as well as the assent of the party. Even a judgment founded upon contract is no contract for *judicium redditur in invitum*. (*Bidleson* v. *Whytel*, 3 Bur., 1545; *Wyman* v. *Mitchell*, 1 Cow., 316.) The plaintiff doubtless erred in making his summons as in an action upon contract, but as the mistake was cured by serving with it a copy of the complaint, the order of the court below should be affirmed, if the appeal is not dismissed. I am for a dismissal of the appeal. Such a disposal of this appeal disposes of over five hundred appeals by this defendant from orders made refusing applications to set aside the summons and complaint, because the notice inserted in the summons was not under the right

subdivision of section 129, the plaintiffs being different, but the attorneys, in many of the cases, the same.

But one bill of costs should have been allowed by the court below in granting or refusing the motions made at the same time upon the same or similar papers, and which might have been made on one set of papers, entitled in the different actions, and where the attorneys were the same. (*Jackson* v. *Keller*, 18 J. R., 310; *Same* v. *Garnsey*, 3 Cow., 385; *Jerome* v. *Boeram*, 1 W. R., 293; *Schermerhorn* v. *Noble*, 1 Den., 682; *Post* v. *Jenkins*, 2 How. Pr. R., 33; *Cortland Co. Mut. Ins. Co.* v. *Lathrop*, id., 146.) The appeal should be dismissed, with costs, upon the principle settled by these cases.

Peckham, J.   Should the summons in this case have been issued under the first or second subdivision of section 129 of the Code? The first provides for " an action arising on contract, for the recovery of money only;" the second for " other actions." Is this " an action arising on contract?" It is an action for a penalty for violating a statute. It is claimed to arise on contract, upon the principle stated in 3 Black. Com., 161, whereby a forfeiture imposed by the by-laws of a corporation upon any that belong to the body, immediately creates a debt, for which an action of debt will lie by the party injured. This principle is declared by Blackstone to be " an implied, original contract to submit to the rule of the community whereof we are members." He then adds that the same reason may, with equal justice, be applied to all penal statutes.

This principle, if carried out by the same reasoning, would abolish all actions of tort. The implied original contract to obey all statutes, by the same principle and the same reasoning, extends to all laws, whether statutory or common law. It is surely not confined to the obeying of all statute law simply. Thus assumpsit, if not debt, would lie for an assault and battery, or for arson, etc.

I incline to think that this provision of the Code had no

reference to this fiction of the law of an implied original contract to obey the laws of the land by each member of the community.    But it meant what it plainly says.

In section fifty-three of the Code " an action for a penalty " is stated as impliedly different from an action on contract for the payment of money, and a justice of the peace is expressly given jurisdiction of both.    The Code thus recognizes the difference between actions upon contract and an action for a penalty.

It is not enough that the recovery is to be for " money only," but the action must arise on contract also, to bring the case under the first subdivision.

I think it plain that this action does not arise on contract. Is this order appealable?

To be appealable, it must be " an order affecting a substantial right, not involving any question of discretion."    (Sub. 4, § 11 of Code.)

It seems to me that the opinion of the Supreme Court is right, that this order is not appealable.

It is difficult to perceive the " substantial right " involved in this order.

The defendant made the motion and brings the appeal. What benefit to the company, if this summons had been under the second instead of under the first subdivision?    If the complaint were sworn to and it is an action on contract for the payment of money only, under the first subdivision the plaintiff may take judgment before the clerk without proof for the amount claimed in the summons.    If not sworn to, the clerk takes proof of the claim, except upon instruments for the payment of money only, upon such instruments; he assesses the amount due upon its simple production before him.    (Code, § 246, as amended in 1858.)

If the summons erroneously issued under the first subdivision compelled the assessment by the clerk instead of the judge, it might be urged, at least with plausibility, that the defendant was deprived of a substantial right—that he had a right to a judge instead of a clerk to adjudge his rights.    But

it will be observed that the summons has no control as to the officer before whom the judgment shall be taken, whether clerk or judge. The Code declares that the clerk shall assess only in actions arising on contract for the payment of money only; not that he shall assess in cases where the summons has issued under the first subdivision—if erroneously so issued. So that the statement in the summons has no effect as to the officer before whom the assessment is to be made. It is no evidence of the nature of the action. The clerk would have no right to assess damages upon default in an action for an assault and battery, though it was commenced by summons, under the first subdivision.

So that if the defendant suffer a default upon this summons, he loses nothing. If he appear and take issue the case is tried before another tribunal.

The only effect the summons can possibly have, when issued under the first subdivision, is to limit the amount of recovery to the sum claimed therein in case of defendant's non-appearance; certainly he could take no more than that sum if his complaint be sworn to. (§ 246.)

This, so far as it goes, is a benefit to defendant, viz. : that he may rely that the plaintiff will take judgment only for a specified sum if defendant does not appear.

I do not perceive that the defendant can sustain any injury by this mistake. If he cannot, I do not think the order involves a substantial right.

The chief purpose of this summons is to get the defendant into court. Where the complaint is served at the same time, showing the cause of action and the amount claimed, the summons would seem to be of not the least value, though its formal issue may be required.

In my opinion, no substantial right is involved in this order —no possible loss can be sustained by the defendant by its issue under the first instead of the second subdivision.

Beside, the court had power to amend it, if there were any reason for so doing, and was bound to disregard it by the Code.

The only benefit of this provision as to the different kinds of summons seems to be to enable parties to litigate the question by motions sometimes extremely difficult to determine, whether the summons is not under the wrong subdivision. It does not touch the merits or progress of the action in any way. It is a harmless contest, as it can injure no one. It no more involved a substantial right than would the question whether the summons was written in red or in black ink. That inquiry is just as substantial to the rights of the parties. Did the legislature ever intend that an appellate court should consider such questions?

The appeal should be dismissed.

For dismissal of appeal CHURCH, Ch. J., ALLEN, PECKHAM and RAPALLO, JJ.

RAPALLO, J., concurs upon authority of section 176 of Code.)

Against dismissal, GROVER and FOLGER, JJ.

Appeal dismissed.