The order in this and several hundred other actions now before us and depending upon the result of this appeal is not appealable. Only such orders arising upon any interlocutory proceedings, or upon any question of practice, are appealable, as affect a substantial right and do not involve any question of discretion. (Code, § 11, sub. 4.) A departure from the Code in any particular, in the progress of an action, does not necessarily affect a substantial right. A strict and literal compliance with a statutory regulation is not necessarily of the substance of the remedy, or substantial in its character. Whatever is a question of practice is of the same character, whether it arises under a positive statute, an express rule of the court, or the settled usages and law of procedure. Under either a substantial right may be affected, and the questions may be such as to exclude the exercise of any discretion, but these are exceptional cases. Most of the provisions of the Code are modal and intended for the regulation of the formal procedure in the action, and are no more sacred than any other rules of practice. The Code recognizes this: 1st. By directing that any defect or error in the pleadings or proceedings which do *Page 178 
not affect the substantial right of the adverse party, shall be disregarded in every stage of the action. (Code, § 176.) And, 2d. By giving the largest liberty to the court in its discretion, either before or after judgment, to amend any pleading, process or proceeding by correcting a mistake in any respect. (Code, § 173.) If a literal adherence to the Code, and its forms and requirements, had been deemed a substantive right and essential in every case, these two sections would not have been enacted. It is necessarily wholly immaterial, and cannot, in the nature of things, affect a substantial right of the defendant, whether a summons is under the first or second subdivision of section 129, when a copy of the complaint, as was in all the cases before us except six, is served with the summons. The office of the summons is to bring the defendant into court to give the court jurisdiction of the person. The process, and its particular form, are prescribed by sections 127 and 128 of the Code. Civil actions must be commenced by the service of summons, which shall be subscribed by an attorney and directed to the defendant, and shall require him to answer the complaint within twenty days after the service of the summons. This is the effective process to subject the defendant to the jurisdiction of the court. The subsequent section (129) directs the insertion of a notice in the summons, in actions on contract for the recovery of money only, that judgment will be taken for a specified sum on failure of the defendant to answer, and in other actions, that application will be made to the court for the relief demanded. The statute permits the commencement of an action by the service of a summons without a complaint. (Code, § 130.) The purpose of the notice required by section 129 is to inform the defendant of the character of the action and the consequences of a default, that he may understandingly determine whether the protection and preservation of his rights call for an appearance and answer. But if the complaint is served with the summons, the defendant has more full and perfect knowledge of the cause of action and the consequences of a default than he *Page 179 
could get from the summons alone, and if there is an error or defect in the summons, it carries with it the remedy and correction, and an effectual preventive against error by any one. The objection is, that the notice is that the plaintiff will take judgment for a specified sum instead of notice of an application to the court for the relief demanded, or vice versa. It would be trifling with the rights of suitors, sacrificing substance to the merest form, to hold that the denial of a motion to set aside the summons and complaint under such circumstances affected a substantial right of the defendant, and that he was or could be prejudiced by the particular form of the notice. Upon the merits, so far as it can be said to have merits, the motion was frivolous. The service of the summons with the notice in the form challenged, if no proceedings could regularly be taken under it, could affect no one. Conceding that the summons and notice were a nullity until some action was taken, they injured no one. Nonconstat that the plaintiff would ever take any proceedings or undertake to obtain a judgment upon the service. A mere notice cannot be set aside. A defect like this is no cause for setting aside the summons. The defendant must wait till some action or proceeding is had under it. (Mac Namara on Nullities, 182 and 183, and cases cited.) But for the reasons first assigned, I am for a dismissal of the appeals. The question whether a party in court, by the regular service of a summons, irregular it may be in form, shall litigate in that suit or upon the service of another summons, slightly different in form, when he has not been misled and does not lose the benefit of any defence he may have had, and when the defenses in the two actions must be precisely the same, does not affect any substantial right. (Barder v.Covill, 4 Cow., 60.) Upon the question actually decided by the court below, I am of the opinion that that court erred in holding the summons to have been regularly issued under the first subdivision of section 129 of the Code. The actions within that subdivision must "arise on contract and be for the recovery of money only." This action is for the recovery *Page 180 
of money only, and in that respect is within the provisions of the subdivision, but is not upon contract. That term was used in its ordinary and proper sense. A contract is a drawing together of minds until they meet and an agreement is made to do or not to do some particular thing. It may be express, or it may be implied or inferred from circumstances, and this implication is but the result of the ordinary and universal experience of mankind. If A. borrows money of B., the courts may imply a promise to repay the money, for the universal experience is that in such a case a promise is exacted and made. An implied promise or contract is but an express promise, proved by circumstantial evidence. It is quite distinct from that fiction by which a statute liability has been deemed sufficient to sustain an action of assumpsit, upon the ground that a party subjecting himself to the penalty or other liability imposed by statute has promised to pay it. That feature does not suppose a contract, but simply a promise exparte. In this view, every man promises not to trespass on his neighbor's property, or to commit an assault upon his person, and an action of assumpsit might be brought and summons issued under the first subdivision of section 129, for a breach of this implied contract to observe the laws. The Code was not dealing with a legal fiction in prescribing a form of summons in actions arising on contract. A statute liability wants all the elements of a contract, consideration and mutuality, as well as the assent of the party. Even a judgment founded upon contract is no contract for judicium redditur in invitum. (Bidleson v.Whytel, 3 Bur., 1545; Wyman v. Mitchell, 1 Cow., 316.) The plaintiff doubtless erred in making his summons as in an action upon contract, but as the mistake was cured by serving with it a copy of the complaint, the order of the court below should be affirmed, if the appeal is not dismissed. I am for a dismissal of the appeal. Such a disposal of this appeal disposes of over five hundred appeals by this defendant from orders made refusing applications to set aside the summons and complaint, because the notice inserted in the summons was not under the right *Page 181 
subdivision of section 129, the plaintiffs being different, but the attorneys, in many of the cases, the same.
But one bill of costs should have been allowed by the court below in granting or refusing the motions made at the same time upon the same or similar papers, and which might have been made on one set of papers, entitled in the different actions, and where the attorneys were the same. (Jackson v. Keller, 18 J.R., 310; Same v. Garnsey, 3 Cow., 385; Jerome v.Boeram, 1 W.R., 293; Schermerhorn v. Noble, 1 Den., 682;Post v. Jenkins, 2 How. Pr. R., 33; Cortland Co. Mut. Ins.Co. v. Lathrop, id., 146.) The appeal should be dismissed, with costs, upon the principle settled by these cases.