BLAISDELL v. WHITEFORD.

BLAISDELL v. STORY.

BLAISDELL v. WILLIAMSON.

BLAISDELL v. EDGET.

*Practice — when summons for relief proper — technical motions disapproved*

A summons for relief held to be proper in an action to recover rent payable in wheat.

As a general rule, motions to set aside the complaint, on the ground that the summons is not in proper form, should be denied, where the party, by inspection of the complaint, is not misled and cannot be harmed thereby.

APPEALS by plaintiff from orders at special term striking out the complaints in four actions.

The actions were brought by Anthony Blaisdell, one against Daniel Whiteford, one against Fletcher B. Story, one against John G. Williamson, and one against Hannah Edget, to recover rent payable, in the first three actions, in wheat; in the last, in pounds, shillings and pence. The leases were all executed by one Levi Blaisdell; that in the first action dated January 1, 1833, to one Ebenezer Smith; that in the second action dated June 28, 1821, to one Thomas Place; that in the third action dated May 9, 1801, to Davis Secor; and that in the fourth action dated March 1, 1792, to one Henry Edget. The summons in each action was under the second division of section 129 of the Code, for relief. The complaint in each case alleged that the premises described in the lease had been, ever since its execution, occupied and possessed under said lease or indenture by the party of the second part, his heirs and assigns, including the defendant, and alleged the death of Levi Blaisdell, the devise of the demised premises to his son Fletcher, the death of Fletcher Blaisdell and the devise by him of the same premises to his son, the plaintiff, the default in payment of the rent and the value of the rent in arrear, and prayed judgment for such alleged value and interest, and for other or further relief and costs.

Blaisdell v. Whiteford.

The notice of motion in each case was to set aside the complaint on the ground that the same is "for a cause of action arising on contract for the recovery of money only and under subdivision one of section 129 of the Code, and the summons is for relief under the second subdivision of said section, and in case the court shall refuse to strike out said complaint," to strike out the prayer for a money judgment in the complaint, and to make the complaint more definite and certain.

*Harris & Springsted* and *Mathew Hale,* for appellant.

*J. A. Griswold,* for respondent.

BOARDMAN, J. The summons was in proper form. The action was not for the recovery of money only. The rent was payable in wheat. To ascertain the amount of damages plaintiff had suffered by non-payment of rent in wheat, it was necessary to ascertain by evidence the value in money of wheat when the rent was due. In an action on a note or contract payable in chattels, though the action is upon contract and the end aimed at is the recovery of money, the summons should be for relief, because something else is necessary than a mere computation of the amount due. 1 Wait's Pr. 477. Evidence must be taken of the value of the chattels at the time and place of delivery, and therefrom the damages must be assessed and determined. Upon a default in such a case the clerk cannot enter judgment, because something else than a mere computation is necessary.

In such cases it is not an action on contract for the recovery of money only. The value of property is to be ascertained, and the money damages assessed and determined upon evidence. Such we are satisfied is the correct rule as applied to this case, but as a general rule such motions should be denied when the party by inspection of the complaint is not misled and cannot be harmed thereby. Technical objections in such cases should not be encouraged. *McCoun* v. *N. Y. C. & H. R. R. R. Co.,* 50 N.Y. 176; *Hemson* v. *Decker,* 29 How. 385 ; *Brown* v. *Eaton,* 37 id. 325.

The order of the special term should be reversed with $10 costs of this case, and expenses of printing in each of the four cases, and the motion denied, with $10 costs in each case.

*Ordered accordingly.*