THE REMINGTON PAPER COMPANY, APPELLANT, v. ANNA M. O'DOUGHERTY, RESPONDENT.

| 32 | 255 |
| --- | --- |
| 14ap467 | |

| 32h | 255 |
| --- | --- |
| j173 NY | 388 |

*Attachment — it cannot issue in an action brought to enforce a statutory liability — Code of Civil Procedure, secs. 3247, 635.*

An action brought, under section 3247 of the Code of Civil Procedure, to recover the costs of a former action which was prosecuted by the present defendant in the name of a third person, for the defendant's benefit, is not an action upon a contract "express or implied," within the meaning of section 635 of the said Code providing for the cases in which an attachment may issue.

APPEAL from an order of the Jefferson Special Term vacating a warrant of attachment.

*Elon R. Brown*, for the appellant.

*James A. Ward*, for the respondent.

SMITH, P. J.:

The papers on which the attachment was granted allege that the defendant herein, for her own use and benefit and at her own cost, prosecuted an action brought in the name of James P. O'Dougherty as plaintiff against Illustrious Remington and others, as defendants, and that said action resulted in a judgment in favor of the defendants and against the plaintiff therein for the sum of $459.53, costs. That the said James P. O'Dougherty never had any interest in said action and was, and is, insolvent, and an execution duly issued on said judgment, against his property, has been returned unsatisfied. That the defendants in that action have assigned said judgment and any claim which they have therein against the said Anna M. O'Dougherty, to the plaintiff herein.

It may be conceded that the defendant herein is liable for the

costs of the former action, she having prosecuted it in the name of another for her own benefit. (Code Civ. Pro., § 3247.) Nevertheless we do not think the case is one in which a warrant of attachment will lie. The only ground upon which the right to that remedy can rest is, that the action is one for the recovery of damages for breach of contract, express or implied. (Code Civ. Pro., § 635.) But the defendant has made no contract with the plaintiff or its assignors; she is liable only by the provisions of the statute. There is certainly no express promise; nor is there an implied one. It was said by ALLEN, J., in *McCoun* v. *New York Central and Hudson River Railroad Company* (50 N. Y., 176, 180): "An implied promise or contract is but an express promise, proved by circumstantial evidence. It is quite distinct from that fiction by which a statute liability has been deemed sufficient to sustain an action of assumpsit, upon the ground that a party subjecting himself to the penalty or other liability imposed by statute has promised to pay it. That feature does not suppose a contract, but simply a promise *ex parte*."

At the most the defendant is only liable for costs under the statute to the same extent that she would be if the judgment were against her personally. It has been held repeatedly that a judgment is no contract, nor can it be considered in the light of a contract; for *judicium redditur in invitum*. (*Bidleson* v. *Whytel*, 3 Burr. R., 1545; *Wyman* v. *Mitchell*, 1 Cow., 316, 321.)

In a certain sense, the obligation created by a judgment or a statute is considered as arising from an implied promise — a promise necessarily implied, as Blackstone expresses it, "by the fundamental constitution of government, to which every man is a contracting party." (3 Com., 159.) And upon that ground it was that under the old form of actions, an action of debt could be maintained upon such an obligation. (Id.) But in such cases there is no implied contract between the parties to the action.

Another class of implied contracts arise from the general implication and intendment that every man has engaged to perform what his duty or justice towards another requires. Of that class is the implied promise of one who employs another to work for him to pay that other what his work deserves. In cases of the latter class the law implies a contract *between the parties*, and to that class of

implied contracts only, in our judgment, is the statute authorizing the remedy by attachment intended to apply.

The order appealed from should be affirmed, with ten dollars costs.

HARDIN and BARKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.