CALEB B. LORING, EXECUTOR, ETC., OF MARY G. P. BINNEY, DECEASED, RESPONDENT, *v.* AMOS BINNEY AND OTHERS, DEFENDANTS.

JAMES M. JACKSON, PURCHASER APPELLANT.

*Service of summons by publication — defects in the notice attached to the summons — when they do not prevent the court from acquiring jurisdiction — Code of Civil Procedure, secs. 442, 443 — Purchaser at a judicial sale, required to accept a title.*

In an action to obtain a judicial construction of a will the summons was served upon certain non-resident defendants, some of whom were infants, by publication, pursuant to an order made upon a sufficient affidavit in the usual form, directing the summons to be served by publication, and by mailing a copy of the summons and complaint and the order of publication to each of the said defendants. In compliance therewith the proper papers were mailed to each non-resident defendant at his or her place of residence, and the summons, with a notice attached thereto, was published in the newspapers designated in the order.

This notice was defective in two respects, it was not directed to those defend- ants only who were to be served, and it stated that the summons was served without the State, pursuant to an order of a judge as provided by section 443, instead of stating that it was served by publication as required by section 442.

*Held,* that these irregularities did not prevent the court from acquiring jurisdic- tion over the absent defendants, and that a purchaser of real estate at a sale under a judgment entered in such action acquired a good title thereto which he would be compelled to accept.

APPEAL by James M. Jackson from an order denying a motion made in his behalf, to discharge him from his obligations as pur- chaser of real estate sold under the judgment in this action.

*William Man,* for James M. Jackson, purchaser, appellant.

*William Watson* and *George W. Van Slyck,* for the plaintiff, respondent.

DANIELS, J. :

The sale was made under a judgment obtained for the construc- tion of the will of the testatrix, and directing the sale of the premises known as 17 Madison avenue.

The purchaser refused to receive and accept the title because of a failure to comply with the requirements of the Code prescribing the proceedings to be taken for the service of the summons upon certain infant and adult defendants residing out of this State. The infants were each of them over the age of fourteen years and were liable to be served with the summons as non-resident defendants, by complying with the directions contained in the Code on this subject. Upon an affidavit reasonably sufficient for that purpose, an order of publication was made in the usual form directing the service of the summons to be made upon the defendants residing in other States by publication and by mailing a copy of the summons and complaint, and the order of publication, to each of said defendants. In compliance with this order a copy of the summons and complaint, and of the order of publication, was mailed to each non-resident defendant, at his or her place of residence, as that was directed by the order, and the summons itself with a notice attached thereto, was published in the newspapers designated in the order. But instead of the notice which was published with the summons, stating that the summons was served by publication, pursuant to an order of the judge who made it, as that was required by section 442 of the Code, the notice directed by section 443 was published, stating that the summons was served, without the State of New York, pursuant to an order of the judge.

The notice which was published also failed to be directed to the defendants, alone, who were to be served with the summons by publication, and the point now to be determined is whether the failure to comply with the requirements of the Code in these respects, so far invalidated the service as to deprive the court of jurisdiction over these absent defendants.

Applications were made on behalf of the infants for the appointment of a guardian *ad litem*, and such a guardian was appointed for them, who appeared in their behalf in the action. But it is not important that any particular stress should be placed upon this fact, for the reason that the adult defendants residing out of the State, and also served in this manner, did not appear in the action. The disposition of the case must, therefore, depend upon the question whether jurisdiction was acquired over these defendants residing in other States by the proceedings as they appear to have been taken.

As the summons was served by publication, and not by the delivery of a copy of it to the respective defendants out of the State, they each received by the papers which were mailed to them all that was required should be sent to them. The practice to this extent is controlled and regulated by section 440 of the Code, which by its effect directs that copies of the summons, complaint and order should be mailed to the defendants to be served at the place or places where they would probably receive matter transmitted through the post-office. This section was fully complied with, and as the places to which the copy summons, complaint and order were mailed, appear to be the places of residence of the respective defendants to whom they were sent by mail, it is to be presumed that they received these copies, and in that manner acquired all the information concerning the action and the authority to serve the summons by publication which the law provided they should have. They were in this manner informed of the object and design of the action, and summoned to appear and present their defense by way of answer or that in default thereof judgment would be taken against them for the relief demanded in the complaint. And the authority for making this service was disclosed by the copy of the order accompanying the other papers. The same result was also attained by the publication which · was in fact made of the summons itself, and neither of the defendants, if reliance was placed upon the form of the publication, could have been misled to his or her prejudice by the statement in the notice that the summons was served without the State of New York, instead of its being stated that it was served by publication. For the residue of the notice was required to be and was identical in both classes of cases, and that contained the information that the summons was served pursuant to an order of a judge of the court, as that notice was required to be given by each of these sections of the Code. Whether, therefore, the notice stated that the summons was served without the State of New York, or by publication, was not important, for the purpose designed to be accomplished by the notice required in the one case to be published, or in the other to be served upon the defendant. For by either form of notice the essential information would be given that service of the summons was made under the authority of an order of a judge of this court. And the information was

further given when that order was made and where it could be found. The substantial objects intended to be accomplished by the notice were accordingly secured, even if the defendant relied upon the publication itself, for it clearly appeared from it that the publication was made under and by virtue of the authority vested in the judges of the court over this subject. And as that information was clearly supplied it could not be important as a matter of jurisdiction whether the notice stated that the summons was served by publication or without the State of New York pursuant to the order of the judge.

The summons itself was the important document. When that was served in the manner directed by the Code, whether it was by publication or by service personally upon the defendant without the State, the court acquired jurisdiction over the person of the defendant served. This has been provided for by section 416 of the Code, declaring that a civil action is commenced by the service of a summons, and as the suit was commenced by that service the failure literally to comply with the directions concerning the form of the notice which was to be published, but not in fact served, or required to be served, upon either of the defendants, was no more than an irregularity which would not deprive the court of the jurisdiction obtained by the service of the summons in compliance with the directions of the order for its publication. This mode of service included not only the formal publication of the summons but also the mailing of a copy of the summons and complaint, and of the order of publication, to each one of these defendants. When that was done, and the period of publication had elapsed, the summons was completely served in the action and the court could afterwards rightfully proceed to adjudicate upon the rights of the parties notwithstanding this defect in the form of the notice which was published.

The omission of the names of the defendants to be served by publication in the notice was a defect still more formal and could by no possibility have misled either of the defendants, for the order of publication itself contained these names and fully supplied all the information which the addition of the names to the notice would have secured.

Upon this general subject the Code has further provided by

section 723 that "in every stage of the action the court must disregard an error, or defect in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party." These were clearly errors or defects of this description, for the omission of the names of the defendants who were to be served by publication from the notice, and the statement in it that the defendants were served with the summons without the State of New York in place of the statement that they were served by publication, could by no possibility affect any substantial right of either of these defendants, for, aside from these defects in the notice, they were supplied with complete information either by the summons and notice as they were published or by the copies of the papers which were mailed to them, or by both, that an action was being commenced in which judgment would be obtained against them by default if they failed to appear and answer, and that the proceedings for commencing it in this manner were authorized and sanctioned by an order of a judge of the court, as that had been provided for by the law of the State; and that was all that it was substantially imported for their protection that either of the defendants should know concerning the proceedings that were carried on. They had provided them with the opportunity of appearing and litigating the case, and informed them of the consequeuces of their failure to do that, and of the time within which their appearance for the purpose of contesting the action was required to be made.

Cases involving similar points of practice have already been presented to the courts, where at least as liberal a construction of the act as that which has been indicated has been sanctioned. (*McCully* v. *Heller*, 66 How., 468; *Thistle* v. *Thistle*, Id., 472; *Orvis* v. *Goldschmidt*, 2 N. Y. Civil Pro. Rep., 314; *McCoun* v. *N. Y. Central*, *etc.*, 50 N. Y., 176, 178, 179; *Gribbon* v. *Freel*, 93 id., 93.)

Both by the construction plainly required to be given to these sections of the Code and by force of these authorities, the proceedings taken in this action to acquire jurisdiction over the absent defendants require to be sustained. The purchaser, therefore, will obtain a valid title to the property sold to him under the proceedings in the action, and he should be required, as he was by the order from which the appeal has been taken, to complete his purchase. But while that order should be affirmed it should be without

costs, for the reason that greater care should have been observed in the proceedings to comply literally with what the Code has prescribed as to the manner in which they should be taken.

DAVIS, P. J., and BRADY, J., concurred.

Order affirmed, without costs.