THE GUTTA PERCHA AND RUBBER MANUFACTURING COMPANY, Respondent, v. THE MAYOR, ALDERMEN AND INHABITANTS OF THE CITY OF HOUSTON, Appellant.

*Attachment — it cannot be issued upon a judgment recovered in another State and not shown to have been recovered on a contract — Code of Civil Procedure, sec. 635.*

Upon a complaint and affidavit which showed the recovery of a judgment by the plaintiff against the defendant, in the District Court of Harris county, in the State of Texas, an attachment was issued in this action brought upon such judgment, as being a contract for the payment of the sum of money. It was not stated in either the complaint or the affidavit, that the judgment was recovered upon a contract, nor was the cause of action, upon which it was recovered, stated in either

*Held,* that the attachment should be vacated, without costs.

That while, in a general sense, a judgment has been declared by the authorities to be a contract of record, it has not been so considered or construed as to create such a contract as is referred to in the first subdivision of section 635 of the Code of Civil Procedure, providing for the issuing of attachments.

*Taylor* v *Root* (4 Keyes, 335); *Nazro* v. *McCalmont Oil Company* (36 Hun, 296); *Donnelly* v. *Corbett* (3 Seld., 500) distinguished.

Appeal from an order made at Special Term denying a motion to vacate an attachment.

*Michael H. Cardozo,* for the appellant.

*Pelton & Poucher,* for the respondent.

Daniels, J. :

The complaint and affidavit on which the attachment was issued, show the recovery of a judgment by the plaintiff against the defendant, in the District Court of Harris county, in the State of Texas. But it has not been stated in either, upon what cause of

action the judgment was so recovered, or that it was upon contract. The attachment, however, has been issued upon the judgment as a contract for the payment of the sum of money recovered by it. But while in a general sense, a judgment has been declared by the authorities to be a contract of record, it has not been so considered or construed as to create such a contract as the statute has referred to in providing for the issuing of attachments. By section 635 of the Code of Civil Procedure, a warrant of attachment may be issued upon a contract, express or implied, other than a contract to marry. This language, as it has been used in this section, the courts have been inclined to construe to include only contracts actually made between the parties, or to be implied from their dealings. It has not been extended to the class of obligations depending on contracts by matter of record. For a like reason it was held in *State of Louisiana* v. *Mayor, etc.* (109 U. S., 285), that a judgment for a wrong was not such a contract as was within that part of the Constitution of the United States declaring that no State should pass any law impairing the obligation of a contract. And in *McCoun* v. *New York Central, etc., Railroad Company* (50 N. Y., 176), it was declared in the opinion of the court that a judgment, although founded on contract, was in no such sense itself a contract. (Id., 180.) This has been followed in *O'Brien* v. *Young* (95 N. Y., 428, 431). And in *Remington Paper Company* v. *O'Dougherty* (6 Civ. Pro. R., 79), the court considered this principle applicable to the case of an attachment. Other authorities have been cited which have generally declared the law to be that a judgment is a contract, but it has not been held to be so within the provisions of a statute of this decription, contemplating only the class of contracts arising out of the dealings or transactions of the parties themselves. For that reason the case of *Taylor* v. *Root* (4 Keyes, 335), in which a judgment was broadly referred to as a contract, is not applicable to this appeal. Neither is the case of *Nazro* v. *McCalmont Oil Company* (36 Hun, 296), where the point was not presented for the consideration of the court. The effect of the class of cases referring to judgments as contracts is not to bring them within the provisions of a statute enacted in this manner, limiting the right to an attachment where the action may be upon contract, to contracts express or implied. The case of

*Donelly* v. *Corbett* (3 Seld., 500) was under the Revised Statutes before the change made by the enactment of the Code, and which permitted the real and personal property of any debtor to be attached. That prescribed no form or description of contract as necessary to sustain the attachment, but all that it required was the existence of an indebtedness and that indebtedness could very well arise upon a judgment. As the authorities affect this subject, an attachment certainly cannot issue against the property of the debtor unless the fact affirmatively appears that the judgment is upon contract, and even then it is extremely doubtful whether the courts, as they construe statutes of this description, have not required them to be so far limited as to exclude this remedy when a judgment shall be the sole foundation of the indebtedness.

The order should be reversed, but in this state of the authorities it should be without costs.

VAN BRUNT, P. J., and BARTLETT, J., concurred.

Order reversed, without costs.