THE PEOPLE, on the relation of Wands, *vs.* ALBANY C. P.

A general oath may be administered to jurors at the opening of a court for the trial of issues ; it is not necessary that they should be sworn in each cause in which they are called.

August 4.

MOTION for mandamus. The relator asked for a mandamus, directing the common pleas of Albany to set aside a verdict for irregularity, on the ground that the jury were not sworn as their names were drawn and called to try the cause in which he was interested, but were sworn at the opening of the court to try the several issues in which they should serve as jurors.

*R. J. Hilton,* for the relators, insisted that the directions of the revised statutes, regulating the trial of issues, required a different mode of procedure in this particular from what had formerly been practised ; and observed that at some of the circuits it had been holden that the jurors must be sworn

as they were called in each cause, a general oath not being deemed proper.

*By the Court,* SAVAGE, Ch. J. The provisions of the old law, 1 *R. L.* 331, § 20, and of the *Revised Statutes, vol.* 2, *p.* 420, § 60, 61, are substantially alike. Both statutes require that the first twelve jurors whose names are drawn from the ballot box, who appear and are approved as indifferent, shall be the jury to try the issue brought on to trial ; and both statutes require that such jurors shall be sworn ; but there is nothing in the revised statutes indicating an intention of changing the mode of swearing the jury at the opening of the courts, which was uniform throughout the state.

Motion denied.