ELIZABETH HILL agt. JAMES SMITH, Sheriff, &c.

*Appearance* is a waiver of irregularity in process to bring the defendant into
court.

·A notice of motion should *sufficiently* point out the matters which are the subject
of the motion. Where an *irregularity* is cured, *after motion papers are served*
to set it aside, the moving party is entitled to his costs of motion.

*September Term,* 1846.

MOTION by defendant to set aside declaration, together with
such other proceedings in this cause as to the court should
seem proper.

It appeared from the moving papers that this was an action
of replevin. (Copies of the writs of replevin were
[*243] annexed.) That the writ was served before *the
return day thereof, and the property named therein
delivered to the plaintiff, or some one in her behalf. (A copy
of the summons was annexed), that the summons was not
signed by the officer serving the same ; that the affidavit an-
nexed to the writ was not made by the plaintiff, nor any
reason assigned in it why it was not made by him ; that the
affidavit did not state that the person making it knew the
ownership of the property, nor any thing to that effect. On
the 17th of August last, defendant's·attorney was served with
a declaration in this cause (a copy of which was annexed).
The plaintiff declared against the defendant for more property
than was mentioned or set forth in the writ of replevin. It
appeared, from the plaintiff's opposing papers, that the writ of
replevin was issued on the 19th of May, 1846, which was ac-
companied by an affidavit made by James Hill in behalf of
the plaintiff; that said plaintiff was the owner of, and entitled
to the possession of the property described, &c. The writ
was returned on or about the 16th of July last. The defend-
ant was not arrested, nor any bail taken. Defendant was
served with a summons at the time of the execution of the
writ, which the coroner stated he believed was signed by him
as coroner ; that the copy summons returned by him was thus
signed. On the 26th of May last, defendant's attorney served

a notice of retainer in this cause, on plaintiff's attorney. On the 12th of August last, plaintiff's attorney filed a declaration in the cause; and served a copy, with notice to plead, &c., on the same day, on defendant's attorney. After the filing and service of the declaration, plaintiff's attorney discovered that the declaration on file, and the copy served, did not correspond with the writ: the variance consisted in this, that the writ described, among other property, "two cosset sheep," and the declaration reciting it "four cosset sheep." On the 25th of August, plaintiff's attorney filed an amended declaration corresponding with the writ; and served a copy as amended on defendant's attorney, on the 27th of August.

It appeared, from the copy summons annexed to the moving papers, that it was not signed by the coroner. It also appeared that the papers for this motion were served on the plaintiff's attorney, on the 22d of August last.

>WILLIAM NELSON, *defendant's counsel and attorney.*
>E. YERKS, *plaintiff's counsel.*
>CHARLES GA NUN, *plaintiff's attorney.*

BRONSON, Chief Justice. Appearance is a waiver of irregularity in process to bring the defendant into court. And besides, the notice of motion does not sufficiently point to the setting aside of any thing prior *to the [*244] declaration: that has been amended since notice of this motion was given, and now all is right. *Ordered,* that the motion be denied on payment of $10 costs of the same by the plaintiff, which she is hereby directed to pay.