## SUPREME COURT.

### CHARLES M. DAVIS agt. THOMAS W. JONES.

### THE SAME agt. THOMAS W. JONES and others.

Where a defendant omitted, within the prescribed time, to admit service of a summons and complaint, deposited by the plaintiff with a justice of the peace in pursuance of § 56 of the code; and upon the plaintiff bringing an action upon the undertaking of the defendant deposited with the justice; the defendant moved for leave to admit service of the summons and complaint, and to stay plaintiff's proceedings on the undertaking; *held,* that this court had no power to grant such relief. There was no action pending until the *service* of the summons, (§ 139.) Consequently the court had no jurisdiction.

*Rensselaer Special Term, December,* 1849.—Motion for leave to the defendants, in each of the above actions, to admit service of the summons and complaint therein, deposited with a justice of the peace, under the provisions of the 56th section of the code.

In October, 1849, the plaintiff brought two actions against the defendants in these suits respectively, before a justice of the peace of the town of Poestenkill, in the county of Rensselaer. The cause of action stated in the complaint, in each of said actions, was that the defendants had unlawfully entered the plaintiff's close and carried away his grain, apples, &c.

The defendants in their respective answers, set forth matters showing that the title to lands would come in question upon the trial. They also delivered to the justice the undertakings, required by the 56th section of the code, and thereupon the justice discontinued the actions. Within thirty days thereafter, the plaintiff deposited with the justice a summons and complaint in each of the above actions. The defendants, supposing they were entitled to ten days after they should receive notice of the deposit of the summons and complaint with the justice, within which they might give an admission of service, omitted to give such admission until the time prescribed by the statute for that purpose had expired. Upon being informed that the time allowed for that purpose had expired, the defendants applied to the plaintiff and proposed to give admission of service, and, as they allege, offered to put in their answers forthwith, and to pay all the costs which had then accrued. This offer was refused, and actions were brought before the justice upon the undertakings. The defendants, upon affidavits showing these facts, moved for leave to admit service of the summons and complaint, in each action, and to answer the same; and that the plaintiff may be restrained from proceeding in the actions brought upon the undertakings.

J. HOLMES, *for plaintiff*.

C. H. DENIO, *for defendants*.

HARRIS, Justice.—The defendant's counsel relies upon the provisions of the 173d section of the code, as authorizing the relief he seeks. That section does, indeed, vest in the court a very ample discretion in relieving a party from the consequences of his own mistake, inadvertence, surprise, or excusable neglect. Under the operation of the salutary provisions of that section, the instances are now, happily, rare, in which a party can claim a *vested right* in an omission or blunder of his adversary. When satisfied that it will tend to the furtherance of justice, the court is called upon, in the spirit with which this section was enacted, to relieve the party from the consequences of his own error, in a matter of mere practice, upon such terms as shall be just. But in this case, I regret to find that I have no power to relieve the defendants from the consequences of their own misapprehension of the law. This court has no jurisdiction over the proceeding. There is no suit pending here. The 139th section of the code declares that, from the time of the service of the summons in a civil action, the court shall be deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. Here, it is obvious, there has been no such commencement of an action as will give the court

jurisdiction over the proceedings. Had I the power, I should regard it a proper case for granting relief upon terms. But there is no action pending in this court; and, of course, there are no proceedings for this court to control. The motion must, therefore, be denied; but, under the circumstances, it must be without costs.