## SUPREME COURT.

### GERARD M. L. HARDENBURGH agt. CALVERT CRARY and others.

The defendant moved to set aside the verdict for irregularity, on the ground that one of the *jurors* upon the panel had not been *sworn*.

*Held*, that such an omission, unaccompanied by injury or prejudice, was not a ground for setting aside the verdict.

The statute declares (2 *R. S.* 425, § 7, *subd.* 14,) that a verdict shall not be affected by reason of any default or negligence of any clerk or officer of the court, or of the parties, or their counsellors or attorneys, by which neither party shall have been prejudiced.

Although the practice of swearing generally, all the jurors at the commencement of the circuit, for all the cases in which they may be empanneled during the entire circuit, is not in conformity with the requirements of the statute, (which requires each panel of twelve jurors to be sworn as drawn for each cause,) yet it is wholly a matter of form, and no advantage can be taken of the irregularity, unless the objection is taken in season to have it corrected.

*Albany Special Term, July*, 1857.

MOTION to set aside verdict for irregularity. The action was tried at the Sullivan circuit, held in June, 1857. The plaintiff recovered a verdict for $500. One of the jurors who rendered the verdict was *Wilson D. Spaulding*. He was drawn and summoned as one of the regular panel for the circuit. He attended on the first day of the circuit, but did not arrive at the court-house until just after the panel had been called and sworn. He continued to attend as a juror during the circuit, and was called and sat as a juror, without being sworn, in this and five other causes, without objection. The fact that he had not been sworn was unknown to the parties. For this irregularity, the defendants moved to set aside the verdict.

JOHN K. PORTER, *for plaintiff*.
LYMAN TREMAIN, *for defendants*.

HARRIS, Justice. The statute requires that at the opening of a circuit court, the clerk shall deposit in a box, ballots containing the names of all the persons returned as jurors; and when an issue shall be brought on for trial, he shall, under the direction of the court, draw out of the box a sufficient number of ballots to constitute a jury, and the first twelve persons who appear as their names are drawn and called, and shall be approved as indifferent between the parties, *shall be sworn*, and shall be the jury to try such issue. In practice, this mode of proceeding is never followed. Before any cause is called on for trial, the jurors in attendance are sworn generally for all the cases in which they may be empanneled during the entire circuit. It is obvious, that this practice is not in conformity with the requirements of the statute. But as the whole thing is matter of form, no advantage can be taken of the irregularity, unless the objection is taken in season to have it corrected. I suppose that, notwithstanding the general oath administered to the jurors at the opening of the circuit, it would be the right of a party, if he thought it worth

while, to have the jurors drawn in his particular case sworn, after they had been so drawn. But, if he omit this, he cannot afterwards object to the regularity of the proceedings. (*See People* agt. *Albany Com. Pleas*, 6 *Wend.* 548.) So, in respect to the absence of the proper qualifications to serve as a juror, the party may, when the jurors are drawn, object that any juror has not the requisite property, or is too old or too young, or is otherwise disqualified to serve. If these objections are improperly disregarded, he will have his remedy. But if he omit to take the objections in season, he cannot afterwards be heard to question the regularity of the proceedings. Even his ignorance will not be allowed as an excuse for not objecting at a time when the ground of objection might have been removed. He must show *injury*, as well as *ignorance*, before the court will interfere. The court, in this country, have uniformly acted upon this principle. In all cases where the objection is technical, and might have been obviated upon the mere mention, at the time the irregularity occurred, and where ·such irregularity has not been· productive of any injury whatever ; the application has been refused. Indeed, it is declared by statute, that a verdict shall not be affected by reason of any default or negligence of any clerk or officer of the court, or of the parties, or their counsellors or attorneys, by which neither party shall have been prejudiced. (2 *R. S.* 425, § 7, *sub.* 14.)

This whole subject was very fully examined by Mr. Justice SUTHERLAND, in *The People* agt. *Ransom*, (7 *Wend.* 417.) The rule which he deduces from a review of the cases relating to the question, is, that " any mere informality or mistake of an officer in drawing a jury, or any irregularity or misconduct in the jurors themselves, will not be a sufficient ground for setting aside a verdict, either in a civil or criminal case, where the court are satisfied that the party complaining has not, or could not have sustained any injury from it."

In *Dovey* agt. *Hobson*, (6 *Taunt.* 460,) a motion was made to set aside a verdict on the ground that one man who served as a juror had answered to the name of another. GIBBS, Ch.

J., said: "It was discretionary with the court to grant or refuse such an application. If justice requires a new trial, they will grant it; if not, they will refuse it." (*See also The King* agt. *Hunt,* 4 *Barn. & Ald.* 430.)

In this case, it is not shown, or even pretended, that the defendants have, in any way, been prejudiced or injured by the omission of the clerk to swear the juror. Such an omission, unaccompanied by injury or prejudice, is not a ground for setting aside the verdict. The motion must be denied, but I am not inclined to charge the costs of the motion upon the defendants.