Sagendorph *v.* Shult.

---

## Sagendorph *vs.* Shult.

A justice of the peace issued a summons, on the 28th of November, 1856, returnable on the 5th of December, then next, at *one o'clock P. M.,* which was duly served and returned.   On the return day the justice, by mistake and supposing that the summons was returnable at *nine o'clock A. M.,* called the action at 10 o'clock A. M. and tried the same upon the testimony, and rendered a judgment in favor of the plaintiff.   *Held* that the judgment was void for want of jurisdiction, and constituted no bar to a subsequent action for the same cause.

The day and hour fixed in the summons for its return is the period when the justice takes *jurisdiction of the action,* and not the time when he issues the summons.   At the return day he is to receive the complaint, which shows the cause of action; and at that time the question of jurisdiction of the action is judicially determined.

The authority exercised by the justice, previous to that stage of the cause, in issuing the summons, is merely *ministerial.*

When a legal summons, issued by a justice of the peace, has been duly served and returned, the justice, after waiting an hour from the time named in the summons for the appearance of the parties, obtains jurisdiction of the person of the defendant, whether he be present or not.

If justices proceed without having acquired jurisdiction over the parties in the form and in the manner required by law, any judgment which they may render will be absolutely void.

Sagendorph *v.* Shult.

THIS was an appeal from a judgment. The action was tried at the Columbia circuit, before Justice GOULD. The plaintiff's claim was upon a promissory note. A judgment was rendered for the plaintiff, and the defendant appealed. There was no dispute upon the facts. They are sufficiently detailed in the opinion.

*John Gaul,* for the appellant, (defendant.)

*A. S. Rowley,* for the respondent, (plaintiff.)

*By the Court,* POTTER, J. On the trial at the circuit the execution of the note, and its amount, were admitted. The defense set up was that the note had been previously prosecuted in a justice's court, and a judgment rendered thereon by the justice, which it was claimed, was a bar to this action. It was shown that a summons had been issued by a justice of the peace, November 28th, 1856, returnable 5th December then next, *at one o'clock P. M.* This summons was duly and properly served and returned by the constable. On the return day, the justice, by mistake, and in the belief that the summons was returnable at *nine o'clock A. M.,* waited one hour, and called the action at 10 A. M. and then proceeded and tried the cause upon testimony, and rendered a judgment for the plaintiff for the amount of the note, instead of waiting till 2 P. M. the proper hour. The justice's judgment was not appealed from. The justice, some five days subsequent to entering the judgment, on discovering his mistake, and at the request of the plaintiff, made an entry in his docket stating the fact of the mistake and declaring the judgment canceled.

At the circuit the judge held this justice's judgment void, and that it constituted no defense to the action in this court. To this holding the defendant duly excepted. This presents the whole case. It is claimed by the defendant that the justice had *jurisdiction* of the subject matter of the action, it

Sagendorph *v.* Shult.

being upon a note below $100 in amount, and that by due and regular service of the summons he obtained jurisdiction of the defendant's person ; that if the justice subsequently erred, his errors were *voidable* for the errors, not *void;* that the remedy for a voidable error is by direct review ; and that this error could not be *collaterally* reviewed on the trial. at the circuit. The *conclusions* from the premises I think cannot be disputed. The error lies in the unsoundness of the premises. The question of *jurisdiction,* I think, is not quite so easily disposed of as is stated in the above proposition. Although it is true that justices of the peace have jurisdiction to try actions upon promissory notes not exceeding $100, still the judgment in such an action would be void, should the justice enter it before he issued the process, or the next moment after, or even while the constable had gone to serve the summons. So that having jurisdiction of the action in such case, means practically, that the justice has jurisdiction when it is properly before him. The same statute which gives him this jurisdiction restrains him from exercising it, except at a specified period of time. The 2 *R. S.* 233, *marginal paging,* § 44, 46,) declares that " *upon the return of a summons personally served the justice shall wait one hour after the time specified for the return of such process,"* &c. In respect of time, therefore, he is by express inhibition prevented from exercising jurisdiction over the action, until one hour after the time fixed by himself, and specified in the summons, unless the parties consent. When, therefore, we say a justice has jurisdiction of an action we mean, practically, that he has it when it is properly before him. The justice can have no *judicial* knowledge that he has jurisdiction of an action when he issues a summons ; nor can he know it *judicially,* until the complaint sets forth the cause of action. The plaintiff may declare in an action on contract, trespass, trover, or he may declare in slander or assault and battery. He can see when the complaint is made, and not before, whether it is a cause that he has jurisdiction to try. It is the

complaint put in at the time the law directs which permits him first *judicially* to know what the action is. This is the time appointed for the appearance of the parties in the summons. This is the first moment that the law permits him to take judicial cognizance of the action. It is this complaint that informs him whether he has jurisdiction to try the action. A justice has, it is true in one sense of the word, general jurisdiction to issue a summons, but the issuing of a summons is a mere *ministerial*, not a *judicial* act. (*Percival* v. *Jones*, 2 *John. Cas.* 50.) This summons is a mere notice to the parties, when and where it is proposed to have judicial action taken in the case. The day and hour fixed in the summons for its return is therefore the period when the justice takes jurisdiction of the action, and not, as is claimed, at the time he issues the summons. He had the *ministerial* authority, (which is claimed to be jurisdiction,) to issue the summons without regard to what the future complaint might be, and if on its return the plaintiff declares in slander or assault and battery, he then has no judicial action that he can perform, except to award costs against the plaintiff. When once the justice acquires jurisdiction he does not lose it. This theory therefore is not sound, that jurisdiction is obtained at the time of issuing the summons. It is obtained, if ever, at the time the statute allows the justice to perform the first judicial act in the case—the time of his examination of the summons to see if it had been so served and returned as to authorize him to act thereon. At this time he is to receive the complaint that shows the cause of action ; this is the time that the question of *jurisdiction of the action* is judicially determined. That time did not arrive in the action set up in bar in this case, tried before the justice. That time did not arrive until after that judgment was rendered.

In looking at the confusion that is found in the language of some of the cases, I think it can be accounted for, in the difference of the character and nature of the different kinds of actions, and in the manner they are commenced. For

instance, in an action commenced by attachment, where the first process is in the nature of an execution, the first act the justice is called upon to perform is a judicial one. The justice is prohibited from issuing this extraordinary kind of process, final in effect, unless he first judicially passes upon the nature, character and merits of the action in the following particulars: as to the sum due the plaintiff; whether or not the demand arises upon contract; upon the conduct of the defendant, whether or not he designs a fraud. All this he judicially determines upon evidence, ex parte certainly, but still evidence upon which he must adjudicate, before he can issue the process. In such a case, doubtless, the justice takes jurisdiction at the time of issuing the process. This case, however, is one of the exceptions. Nor is it a practical verity that in the ordinary case of the commencement of an action by summons, and by the service thereof, the justice obtains jurisdiction of the defendant's *person.* No case is cited to show that a justice, before the return day and hour named in the ordinary process of summons, can enter a good, or even a voidable judgment by which he obtains jurisdiction over the defendant's person. The prohibition in the above cited statute extends as well to the *person* as to the *action.* It would present an anomaly indeed that a court of inferior jurisdiction, in the face of such a prohibitory law declaring that they shall wait one hour after the time named in the summons, can notwithstanding, enter a valid judgment before that time, or one even voidable. The well settled rule that such courts are bound to show affirmatively their authority at every step until jurisdiction is obtained, is an answer to this proposition. There are doubtless loose dicta to be found in the books to the effect, "that jurisdiction of the person is obtained by service of process." This, as we have said, may be true in suits commenced by attachment, but it cannot be a universal rule. If it is ever used in reference to suits commenced by summons, it only means this, *that by the means*

*of legal process, duly served, the justice obtains jurisdiction.* But when does he obtain it? At the time of service, or at the time the law authorizes him to act upon it? at the time the ministerial act of service was performed by a constable? or at the time the justice judicially determines it has been legally served? It seems to me to be absurd, in practice, to hold that the justice has obtained jurisdiction of the *person* of a party before he has obtained the power to act upon the jurisdiction so obtained. Such a power would be as useless to him as it would be dangerous to the public. If the justice obtains jurisdiction by the *service* of the summons, he might as well try the cause three days as three hours before the time of its return. And if the party injured in such case has no protection but by a review of the error by direct appeal, and may be compelled to give bail; or because there is no issue, to bring a common law certiorari to this court, when no costs are allowed him, it would produce a system of the worst kind of oppression.

I think, therefore, this loose dictum "that the justice obtains jurisdiction of the person by serving the process," not being universally true, even in theory, is too imperfectly expressed, to have it adopted as a law maxim. A consideration of its unsoundness for a single moment will show this to be so. If the service of the summons always gives the justice jurisdiction of the person, it would be immaterial whether it was served within the time required by law or not. The statute direction "that it shall be served at least six days before the time of appearance mentioned therein," would amount to nothing. A service of three days would be as good for that purpose as one of six. The contrary has been expressly adjudged. (*Stewart* v. *Smith*, 17 *Wend.* 517.) This unsound dictum, I think, should be checked before it travels any farther. The following, if not a perfect rule, would be an improvement upon this dictum. When a legal summons issued by a justice has been duly served, giving to the defendant notice by such service of the

time prescribed by law, and such service appears by a proper return of the constable indorsed thereon, the justice at one hour after the time named in the summons for the appearance of the parties, having such summons and constable's return before him, obtains jurisdiction of the person of the defendant, whether he be present or not. When jurisdiction has been obtained, then the rule as to justices' courts is, that as to all matters of form, and as to the regularity of their proceedings, their acts are to be viewed with liberality ; and for any error of judgment or mistake of law, their decisions cannot be reviewed collaterally, how erroneous soever they may be; but if they proceed without having acquired jurisdiction over the parties in the form and in the manner required by law, any judgment which they may render will be absolutely void. In this respect they must pursue the authority as it is conferred, or their acts will be a nullity. (10 *Wend.* 38.) Jurisdiction can always be inquired into in the proceedings of courts of inferior jurisdiction. The want of it is fatal. If these views are correct, then the judgment before the justice, interposed as a bar, was a nullity for want of jurisdiction, and the judge at the circuit properly so treated it. The attempt by the justice to cancel the judgment five days after entering it, was ineffective. He then had no power over it; there was no judgment to cancel. He had no power to cancel it if there was one.

I think the judgment should be affirmed.

[ALBANY GENERAL TERM, March 2, 1863. *Hogeboom, Potter* and *Peckham,* Justices.]