## CHARLES E. BRIGGS v. D. S. TYE.

1. DEFENSE; DEMURRER; PRACTICE; *When Error becomes Immaterial.* Where the court sustains a demurrer to the defendant's answer, and the defendant afterward amends his answer, setting forth therein all that he had previously set forth and more too, and then goes to trial upon his amended answer, it is immaterial whether the court erred or not in sustaining the demurrer.

2. SHERIFF'S DEED — *When Prima Facie Void.* When a sheriff's deed, executed December 26th 1865, founded upon a judgment of a justice of the peace, and upon an execution issued by the clerk of the district court, recites among other things the rendition of said judgment, and that the judgment-creditor afterward "sued out of the clerk's office of the 4th judicial district an execution on the said judgment;" without stating or reciting that a transcript of such judgment had ever been filed in the office of the clerk of the district court, as provided by statute, *held*, that such sheriff's deed is not of itself, and without other evidence, *prima facie* evidence of its own validity, or of title in the grantee.

3. JURISDICTION; *Judgment, When Void.* A judgment rendered by a justice of the peace against the defendant in the action four days before the return-day of the summons, and four days before the defendant is notified to appear, is void.

*Error from Allen District Court.*

ACTION brought by *Tye* as plaintiff on the following promissory note:

$600.00.                IOLA, KANSAS, Dec. 6th, 1870.

On or before the 1st day of July 1871, I promise to pay James Faulkner, or order, the sum of $600, for value re-

ceived, bearing interest at the rate of ten per cent. per annum from date until paid.        CHARLES ·E. BRIGGS.

*Briggs* paid $100 on said note to Faulkner, which was indorsed May 7th 1871, after which Faulkner transferred the note to *Tye.* The defense was, alleged failure of consideration, as to which both the pleadings and the facts are fully stated in the opinion. Trial in the district court at the November Term 1874. A jury was impanneled and sworn, and testimony was offered by defendant *Briggs* (on whom was the burden of proof) in support of his defense. When defendant rested, plaintiff demurred to the evidence. The court sustained the demurrer, discharged the jury, and gave judgment in favor of the plaintiff for the amount due on the note, and costs of suit. *Briggs* brings the case here on error.

*Cates & Keplinger,* for plaintiff in error:

1. The court erred in sustaining the demurrer to the third defense set up in Briggs' original answer. The question presented by the demurrer is this: Is a grantee in a deed, with covenants of title, executed by an agent, entitled to recover the purchase-money paid to the agent and not yet paid over to the principal, in a case where there has been failure of title and eviction? That he may recover, see Story on Agency, §§ 300, 301, and notes.

2. The court erred in refusing to permit the sheriff's deed mentioned in the bill of exceptions to be offered in evidence. The pleadings and evidence show the consideration of the note sued on was a conveyance from Gilbreath, through Faulkner the payee of the note, to plaintiff in error of certain real estate. The deed offered shows a prior sheriff's sale of the same real estate to the paramount claimant on an execution against Gilbreath issued on a justice's judgment. The objection that the deed does not show on its face that the justice's judgment had been filed in the district court is not well taken. (Code of 1859, Comp. Laws of 1862, ch. 26, § 513.) The sheriff complied literally with the law, and when he came to make the deed he complied to the letter

with the law which prescribes what the deed shall contain; (code of 1859, § 450.)   The law points out five distinct matters which a deed shall contain.   None of these have been omitted.   What authority is there for holding additional recitals to be necessary ?

It is further urged that the deed is void because it does not show from *which county* in the "4th judicial district." the execution issued.   The deed recites that "Hull recovered a judgment against Gilbreath before Rhoades, a justice of the peace in and for *Allen* county, on the 10th of July 1860;" and that "on the 14th of April 1863 said Hull sued out of the clerk's office of the 4th judicial district court an execution on said judgment, directed to the sheriff of *Allen* county." The clerk of the Allen county district court was the only clerk in the 4th district who could lawfully have issued this execution.   It will not be presumed that any clerk acted unlawfully.   It will also be presumed that the writ issued from the proper clerk, otherwise the sheriff would not have received it.   It will be presumed officers acted lawfully until the contrary appears. 14 Cal. 117.   And the recital in the deed as to confirmation of the sale, is equivalent to a recital that the execution did issue from the proper clerk, and that the judgment was filed in the district court. *Buchanan v. Tracy,* 14 Mo. 438.

3. The records offered in evidence and ruled out by the court, showing the judgment before the justice, its filing in the district court, the execution, sale, and journal entry of confirmation, show the sheriff's grantee has a complete equitable title, and that she is entitled to demand of the sheriff a deed which is regular and valid. (Code of 1859, § 449; *Smith v. Myers,* 46 Mo. 440.)   But it is urged that all these proceedings are invalid because of defects in the constable's return on the summons issued by the justice.   Such an objection as that will not be allowed to prevail, thus, in a collateral proceeding, overthrowing a final judgment.

*W. A. Johnson,* for defendant in error:

1. Briggs in his answer admitted the execution and delivery of the note; but as a third defense he alleges that said note was given as part consideration for the purchase of a certain tract of land, and that his title failed. To the defense plaintiff demurred, and the court sustained the demurrer. If the court did err in sustaining the demurrer, Briggs has suffered no prejudice on account of such error, for before the trial the court permitted him to file an amended answer, in which the same facts were more fully stated than in the original answer, and he had the benefit of the same defense on the trial.

2. The sheriff's deed is absolutely void on its face, and was properly rejected. (Rover on Jud. Sales, §§ 463, 464; 33 Cal. 45.) There are certain recitals requisite to the validity of a sheriff's deed. The deed must recite sufficient to show that the sheriff had authority to sell — and here the deed was fatally silent.

The record shows that on the 9th of July 1860 the justice issued a summons in the case of "Hull against Gilbreath," returnable the 14th of July, and that on the 10th, (four days before the return-day,) defendant Gilbreath did not appear, but the demand appearing just, the justice rendered judgment; and it is on a pretended sale under this judgment that it is now claimed that Gilbreath's title to the land was divested. There was no error in rejecting said deed, and said transcript.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. Charles E. Briggs was the maker thereof, and James Faulkner was the payee. Faulkner assigned the note to D. S. Tye, and Tye commenced this action against Briggs to recover the amount thereof. Briggs answered, setting up three defenses. The plaintiff Tye demurred to the third defense, and the

1. Error, when immaterial. court below sustained the demurrer. This is the first ruling of the court below assigned for error. Whether such ruling was erroneous or not, it is now wholly unnecessary to determine; for after said ruling was made the defendant amended his answer, setting forth therein all that he had previously set forth in the defense demurred to, and much more, and then went to trial upon the facts as alleged in his amended answer. Under this amended answer he could prove all that he had a right to prove under his original answer, and more too. Therefore any error that the court may have committed by sustaining said demurrer was rendered wholly immaterial by these subsequent proceedings.

The defendant set forth in his answer and amended answer substantially the following as the facts: Sarah L. Larimer owned a certain piece of land, but James L. Gilbreath and Mary Ann Gilbreath pretended to own the same. Said Tye and Faulkner acted as the agents of said Gilbreaths in procuring a sale of said land. And although they knew that Gilbreaths had no title to said land, still they induced the defendant Briggs to purchase the same. Briggs, in consideration for said land and another piece of land, paid to said agents $700 in cash, and gave to them said promissory note. Faulkner then, in consideration for said cash and note, and as attorney-in-fact for said Gilbreaths, executed to Briggs a general warranty deed for said land — said deed containing all the usual covenants. Said agents however transcended their authority by inserting said covenants. Afterward said Larimer evicted the defendant from said land. Said agents still retain the money paid to them by the defendant, not having paid any portion thereof to their principals. The said Gilbreaths are non-residents of the state of Kansas, and are wholly insolvent. The defendant has been damaged to the amount of $1,000 by said transactions, for which amount he asks judgment. He also asks to have said note canceled, etc. The plaintiff replied to this answer by filing a general denial. The action was then tried before the court and a jury. Under the pleadings the burden of proof rested upon

2. Sheriff's deed, when prima facie void. the defendant. He offered first to introduce a sheriff's deed for the purpose of showing that the title to said land had been transferred by said sheriff's deed from said Gilbreaths to said Sarah L. Larimer prior to the time when he purchased said land from Gilbreaths' agents. The plaintiff objected, and the court sustained the objection. This is the second ruling of the court below assigned for error. Said sheriff's deed reads as follows:

"KNOW ALL MEN by these presents that, whereas, Horace Hull recovered a judgment before Lyman E. Rhoades, a justice of the peace within and for the county of Allen, on the 10th of July 1860, against J. L. Gilbreath for the sum of $30.19 debt, and $3.60 costs of suit, and whereas the said Horace Hull afterward on the 14th of April 1863 sued out of the clerk's office of the 4th judicial district an execution on the said judgment bearing date the 14th of April 1863 and directed to the sheriff of said Allen county commanding him," etc., etc.

This deed is defective in not showing that a transcript of the judgment rendered by justice Rhoades *was ever filed in the office of the clerk of the district court* in and for Allen county, and in not showing that the execution was issued by the *clerk of the district court in and for Allen county.* At the time said execution was issued there were about eight clerks of the district court of the "4th judicial district." There was one for each county. The first-mentioned defect is more material, as we think, than the second. It is possible that presumptions might aid the second, but we can hardly think they could sufficiently aid the first. We do not wish however to decide that said first-mentioned defect necessarily renders the deed void. But we do think that it destroys the *prima facie* validity of the deed. That is, it renders the deed apparently void. Such a deed is not *prima facie* evidence of title in the grantee. And if in any case such a deed should be held to be valid, or any evidence of title in the grantee, other evidence than the deed itself must first be introduced to show that the proceedings upon which the deed is founded, and which the deed itself fails to show, were in fact regular and

Presumptions.

Evidence to sustain deed.

valid. The plaintiff in error claims that said deed contains
all that the law requires that it should contain. We think
differently however. The statute among other things re-
quires that the deed "shall recite the execution or executions,
or the substance thereof." (Comp. Laws, 200, § 450.) And
we think that the execution should contain all the above-
mentioned things which this deed omits. The execution
should show upon its face that it was regularly issued, that
it was issued by the proper officer, that it was issued by an
officer having authority to issue it; and therefore we think it
should show in this case, upon its face, that the transcript of
the justice's judgment was duly filed in the office of the clerk
of the district court before the execution was issued. The
statute does not pretend to designate everything that shall
be inserted in an execution, or in a sheriff's deed; and there-
fore, in the absence of statutory provisions we should think
upon general principles enough should be stated in the exe-
cution or in the sheriff's deed to show *prima facie* that all
the necessary proceedings to make such instrument valid were
in fact had. It will hardly be presumed in the absence of all
evidence that something was done which the instrument itself
does not even intimate was done. The filing of the transcript
of a justice's judgment is purely the act of the judgment-
creditor himself. The issuing of an execution on the same
is purely a ministerial act of the clerk. The clerk does not
judicially determine that the transcript was filed. No judi-
cial determination is held upon the subject. Even a decision
of the court upon a confirmation of a sheriff's sale is no ju-
dicial determination of that question. (*Koehler v. Ball*, 2 Kas.
160, 172; *Challiss v. Wise*, 2 Kas. 194; *White-Crow v. White-
Wing*, 3 Kas. 276.) The fact of the filing of the transcript
of the justice's judgment is left to be proved *prima facie* by
the sheriff's deed. But if the sheriff's deed does not show it,
then it must be proved by other evidence. And until it is
proved it cannot be presumed that any proceeding depending
thereon is valid. Until such fact is proved it would be proper

to exclude the deed as evidence. For if such transcript had never been filed, of course the deed would be void.

Afterward the defendant offered to introduce the justice's judgment, with all the proceedings connected therewith; the execution, and all the proceedings connected therewith, and evidence tending to show that a transcript of the justice's judgment had been duly filed with the clerk of the district court of Allen county before said execution was issued; but *3. Jurisdiction; proceedings before justice; judgment.* the plaintiff objected, and the court below sustained the objection. This ruling is also covered by the second assignment of error. The execution is about as defective as the sheriff's deed. It does not show that any transcript of the justice's judgment was ever filed in the office of the clerk of the district court. But even if the execution were perfectly formal, still the judgment itself is defective, and apparently void. The transcript thereof shows that the action was commenced on July 9th 1860; that the summons was issued on that day, made returnable July 14th, and requiring the defendant J. L. Gilbreath to appear and answer on July 14th, at 1 o'clock P.M. The summons was received by the constable on July 10th, was served by leaving a copy thereof at the defendant's residence on the same day, and was returned on July 14th. The transcript also shows that the judgment was rendered on July 10th. Whether this was before or after the justice handed the summons to the constable, is not shown. Whether it was before or after the summons was served on the defendant by leaving a copy thereof at his residence, is not shown. But it was, in any case, just four days before the justice had any jurisdiction to render any judgment against the defendant. (*Sagendorph v. Shult*, 41 Barb. 102.) The execution also shows that the judgment was rendered on July 10th 1860, and so does the sheriff's deed, and there is nothing in the record tending to show that the judgment was rendered at any other time. It does not appear that the defendant ever made any appearance in the case, either on July 10th, or July 14th, or on any

other day. But it does appear affirmatively that he did not make any appearance on July 10th, or at the time when the judgment was rendered. If this judgment was rendered on July 10th, (and the evidence unquestionably shows that it was,) it is of course void, and the court below did not err in refusing to receive it in evidence. For the reasons, if any are thought to be necessary, showing that such a judgment is void, we would refer to the case of *Sagendorph v. Shult*, supra.

The judgment of the court below is affirmed.

All the Justices concurring.