(43 App. Div. 43.)

McKEY v. LOCKNER et al.

(Supreme Court, Appellate Division, Fourth Department.    July 18, 1899.)

1. JUSTICES OF THE PEACE—ISSUING ANOTHER SUMMONS.
    Where a summons was served, and the return day passed, the justice
    had a right to treat the original summons as a nullity, and issue another;
    and the mere fact that he erased the date in the original summons and the
    copies, and substituted another, did not vitiate the mandate.

2. SAME—WHERE ACTION MUST BE BROUGHT.
    Where plaintiff is not a resident of the county, and defendants reside in
    different cities in the county, not adjoining, Code Civ. Proc. § 2869, provid-
    ing that the action must be brought before a justice of the town or city
    where one of the parties resides, or an adjoining town or city in the same
    county, is applicable, since subdivision 2 of the same section, providing that,
    if plaintiff is not a resident of the county, the action must be brought in
    the town where the defendant resides, or in an adjoining town, cannot be
    given practical effect in such a case.

3. APPEARANCE—EFFECT OF GENERAL APPEARANCE.
    After a general appearance is made by defendants, they are foreclosed
    from raising the objection that the summons was not made returnable at
    the right place. ○

4. ESTOPPEL—ACTS CONSTITUTING.
    Where defendants signed the lease, and went into possession under it,
    which was executed by plaintiff's attorneys on her behalf, and recited

their authority, and the affidavit of one of the attorneys verifying the complaint shows his authority, defendants will not be permitted to raise the objection, in an action to recover the rent. that there is a failure of the attorneys to show they possessed authority to act as plaintiff's agent.

5. JUSTICES OF THE PEACE—JURISDICTION.
    A justice of the peace of the city of Lockport has, under its charter, jurisdiction co-extensive with the limits of the county.

Appeal from Niagara county court.

Action by Mary D. McKey against John Lockner and David B. Lockner to recover rent. There was a judgment for plaintiff, and defendants appeal. Affirmed.

The defendants leased a small farm of the plaintiff, who is not a resident of the county of Niagara, where the defendants reside. The lease was in writing. and the term was for one year at a rental of $100, payable in two equal installments, one of which has been paid. The action was brought in justice's court to collect the remaining installment. At the instance of the attorneys for the plaintiff, a summons was issued by Reeves, a justice of the peace, and delivered to the constable July 9, 1898, returnable July 16th. This was not served, and on the 18th the justice altered the date of the original summons, and also of the copies, and changed the return day to July 26th. Service was then duly made, and a proper return thereof filed by the constable. The defendant David Lockner resided in Niagara Falls, and the defendant John Lockner in Lockport, both being cities within the county of Niagara. On the return day, the defendants appeared by their attorney specially, and interposed two objections to the jurisdiction of the justice: (1) That Reeves was not a justice with territorial jurisdiction throughout the county; (2) that the justice altered the summons. The objections were overruled. Defendants answered, and a trial was had on the merits, resulting in a judgment for the plaintiff. The defendants were not sworn, and evidently have no defense to plaintiff's cause of action. The defendants appealed to the county court, and sought to obtain an amended return of the justice, but the court denied their application. The affidavit on which this application was made is printed in the record.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Sidney J. Lockner, for appellants.
W. H. & F. A. Ransom, for respondent.

SPRING, J. The counsel for the appellants bases his contention that the justice erred in changing the summons on section 2283 of the Code of Civil Procedure. That section was evidently designed to keep alive a plaintiff's cause of action as against the operation of the statute of limitations. The constable is to make a return; and, if the summons has not been served, a second one may be issued by the same justice within 20 days after the issuance of the first, and still a third one, for like cause; and they relate back, and have the same effect as if seasonable service of the first summons had been made. No return was made by the constable, and the justice evidently was not seeking to keep the original action alive. The summons had not been served, and, as the return day had passed, it possessed no vitality, unless plaintiff desired to keep alive the original action, to preserve her rights from the running of the statute of limitations. The justice, however, had a right to treat the original summons as a nullity, and issue another; and this he did. Instead of writing out another, he took the original and the

copies handed in by the constable, altered their dates, and delivered them to the constable for service. The justice did this himself. He was the author of the new summons. The fact that he erased one date and substituted another did not vitiate the mandate. If he had a summons for each day of the month, signed and dated, he could. fill out one, and it would be valid, or he could change the date in any of them without impairing its life. The alteration was made while they were in his custody, and he alone imparted vitality to them.

The counsel contends, as plaintiff was a nonresident, the summons must be made returnable at Niagara Falls, where David Lockner resided. The other defendant, John Lockner, resided in Lockport, where the summons was returnable. The general provision in section 2869, Code Civ. Proc., is that the action must be brought before a justice of the town or city where one of the parties resides, or an adjoining town or city in the same county. It is provided by subdivision 2 of this section that if the plaintiff is not a resident of the county, the action must be brought in the town where the defendant resides, or in an adjoining town. In this case the defendants resided in different cities, not adjoining; and the general provision is applicable, permitting the plaintiff to cast his action in the town where one of the defendants resides. The general provision authorizing actions to be commenced in the town or city where any party resides is applicable in all cases except those specifically enumerated in the succeeding subdivisions of that section, and, as practical effect cannot be given to subdivision 2 in a case where two defendants reside in different localities in the same county, the general rule must apply. The defendants appeared, and asked for the dismissal of the proceedings on two specific grounds, which did not include the one now urged. They then appeared generally, so they are effectually foreclosed from raising this objection further.

The counsel for the appellants elaborately attempts to find some vice in the alleged failure of the attorneys for the plaintiff to show they possessed authority to act as her agent. The affidavit of Frank A. Ransom, verifying the complaint, shows his authority, and it is recited in the lease which defendants signed. The defendants went into possession under this instrument, which the attorneys executed on behalf of the plaintiff, and it is far-fetched for the defendants now to impugn this authority when the day of payment has arrived. The jurisdiction of the justice was co-extensive with the limits of the county. Gould v. Mahaney, 39 App. Div. 426, 57 N. Y. Supp. 363.

The facts upon which the application was made to the county judge for an amended return are contained in the affidavit of the attorney for the appellants. The application was very properly refused by the county judge. It was evidently on the ground the matters sought to be returned by the justice were unimportant. In the consideration of this case, however, we have assumed the facts as set forth in the said affidavit to be correct. The defenses urged are technical, and without merit.

The judgment is affirmed, with costs to the respondent. All concur.