## COOPER v. COOPER.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1905.)

JUDGMENTS—DEFAULTS—VACATION—TIME OF APPLICATION.

Under a city charter (Laws 1880, p. 356, c. 232, § 63) authorizing the City Court to open defaults on application made within 20 days from the entry of judgment, and further providing that where the transcript of the judgment shall have been filed the county court may open the default and order a new trial in accordance with the practice prevailing in the City Court, an application to open a default judgment, whether made in the City or in the County Court, must be made within 20 days from the rendition of such judgment.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 300–304.]

Appeal from Special Term, Cayuga County.

Action by Laura L. Cooper against Charles H. Cooper. From an order of the County Court setting aside a judgment of the City Court of Auburn and ordering a new trial, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Mortimer V. Austin, Jr., and Frank S. Corbin, for appellant.
Payne, Van Sickle & Payne, for respondent.

WILLIAMS, J. The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

This appeal involves the question of the power of the County Court to set aside a judgment of the City Court and direct a new trial when more than 20 days have elapsed since the judgment was rendered. The power is claimed to exist under and by virtue of the provisions of the city charter (chapter 232, p. 352, Laws 1880). Section 63 (page 356), gives the City Court power to open defaults and set aside judgments where the defendant fails to appear and the judgment is rendered upon default, but provides that the application shall be made within 20 days from the entry of the judgment, and then the same section provides:

"Where a transcript of a judgment of said City Court shall have been filed in a case provided for in this section, the County Court of Cayuga county shall have power and authority to open the default, and set aside such judgment, and all proceedings thereon, and to order a new trial in said City Court upon such terms as may be just. The practice in said County Court upon such application shall be the same as is herein provided for like proceedings in said City Court, except that the defendant must show that prior to the filing of such transcript no application was made in the City Court for like relief," etc.

In this case the judgment was entered December 23, 1904. A transcript was filed the same day. The application was made to the County Court, February 10, 1905, 45 days after the entry of the judgment. Was the application made after 20 days too late? The scheme of the section appears to be to limit these applications to 20 days wherever the same may be made. If no transcript has

been filed when the defendant desires to make the application, it must be made in the City Court. If a transcript has been filed, the application can only be made in the County Court. No reason is apparent why the Legislature should have intended to extend the time for making the application in case of the filing of a transcript. Such intention is not indicated by any words in the statute. The provision is general—that the practice upon such an application shall be the same in County as in City Court. Suppose the transcript is filed 21 days after the entry of the judgment; can the application be thereafter made in County Court, though barred in City Court? Can it be that a judgment after 20 days from its entry is unassailable, so long as no transcript is filed, but as soon as the filing takes place the judgment may be attacked and set aside? Such a construction of the statute would be unreasonable, and should not, therefore, be made. It cannot with good reason be claimed the County Court had any power, outside this section 63 of the charter, to make the order appealed from. We have nothing to do with the justice or injustice of the judgment, unless the County Court had power to grant the relief it did. The defendant had 20 days after the entry of the judgment to protect himself against any wrong or injustice done him. Beyond that the law afforded him no relief.

The order was unauthorized, and should be reversed, as already suggested.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.