Am. St. Rep. 503. Justice requires that this motion be granted without imposing costs.

Motion for a new trial is therefore granted, and this case set down for a retrial for the first Monday of March, 1909. Settle order on notice.

(63 Misc. Rep. 46.)

SPRUHAN v. BROWN.

(City Court of New York, Special Term. March, 1909.)

PROCESS (§ 36*)—AMENDMENT OF SUMMONS.

   A summons made returnable by mistake in two days, instead of six days, as it should have been, considering the part of the city in which defendant resided, will, as authorized by Code Civ. Proc. § 723, where it is in furtherance of justice, be amended; the summons having been served on the last day for commencing the action.

   [Ed. Note.—For other cases, see Process, Dec. Dig. § 36.*]

Action by Henry J. Spruhan against Fred Brown. Both parties make motions. Defendant's motion denied. Plaintiff's motion granted.

Alfred E. Ommen, for plaintiff.

Marks & Marks, for defendant.

FINELITE, J. These are cross-motions. The defendant moves to vacate and set aside the summons issued herein, upon the ground that the same was made returnable within two days instead of six days, and the plaintiff moves to amend the summons extending defendant's time to appear herein to six days.

Plaintiff and defendant are residents of the borough of Manhattan, city of New York, and the attorney for the plaintiff states that it was a mistake or oversight upon his part that, when said summons was given for service, the wrong summons was served; the time therein being printed that the defendant was summoned to appear in this action within two days after the service of the same, instead of six days. The plaintiff was not entitled to a short summons, for the reason that the defendant was a resident of the borough of Manhattan, city of New York, as aforesaid, and in serving the same a mistake was made in not issuing a summons for the defendant to appear within six days after service thereof. In Gribbon v. Freel, 93 N. Y. 93, a summons issued out of the Marine Court of the City of New York stated that the time in which the defendant was required to answer was six days, instead of ten, as provided in section 3165 of the Code of Civil Procedure. The court (Earl, J., writing the opinion) held that the summons was not an absolute nullity. The insertion of six days, instead of ten, was an irregularity merely. The defect could have been waived by the general appearance of the defendants, or consent, express or implied. A judgment entered by default after the service of such a summons would not have been absolutely void, but simply irregular or erroneous, to be corrected by motion or by appeal.

The obvious aim of the Code provision permitting amendments "in furtherance of justice" (section 723, Code Civ. Proc.) is to relegate the

authority to the courts as to every process or pleading. Section 721 of the Code of Civil Procedure enumerates a great variety of defects covering nearly every conceivable case, which are cured by a pleading or decision. The trend of authorities, aside from the case cited, is to give full scope to these sections and to treat every defect in the summons or pleading as an irregularity, and hence subject to control and correction by the courts. Clapp v. Groves, 26 N. Y. 418; Sears v. Sears, 9 Civ. Proc. R. 432; McCoun v. N. Y. C. & H. R. R., 50 N. Y. 176. This action is brought on a promissory note, the day on which the summons was served was the last day in which the action could be brought to avoid the statute of limitations, and if the court would set aside the summons the plaintiff would be barred from recovering in this action. As it was only an irregularity, the court could allow an amendment extending the time within which the defendant was to appear herein.

The motion to set aside the summons is denied, and the plaintiff's motion for defendant's time within which to appear is extended six days from the service of the order to be entered hereon, with notice of entry thereon served on defendant's attorney.