CHARLES H. DALEY, Plaintiff, *v.* WILLIAM G. DENNIS, Defendant.

County Court, Cayuga County, May 17, 1930.

*Gleason & Boyle,* for the motion.

*M. V. Austin, Jr.,* opposed.

MOSHER, J.    After due service of summons, both parties appeared in the City Court of the city of Auburn, by their attorneys, on the return day, September 7, 1926; no return or complaint was then filed pursuant to sections 139 and 140 of the charter of the city of Auburn (Laws of 1920, chap. 438); and the case was adjourned two weeks, when the plaintiff's attorney alone appeared, and on his motion, and *suo motu* when no one appeared, the city judge granted various adjournments (as empowered by section 146 of said charter) until December 20, 1928, when plaintiff's attorney filed a return and verified complaint and took judgment in contract for $122.25. June 29, 1929, execution issued to a constable who interviewed the defendant personally, but, unable to collect, returned it wholly unsatisfied November 22, 1929.    March 14, 1930, transcript was filed and said judgment docketed in the Cayuga county clerk's office, and thereafter an execution was returned by the sheriff wholly unsatisfied, and supplementary proceedings instituted, when the judgment debtor moved to open the judgment, claiming it was contrary to law and without jurisdiction.

The court had jurisdiction of the subject-matter (Charter, § 138; *Hunt* v. *Hunt,* 72 N. Y. 217, 228; *People* v. *Sturtevant,* 9 id. 263, 266) and obtained jurisdiction of the person of the defendant by the service of the summons on him (Charter, § 138; Justice Ct. Act, § 44; *Fowler* v. *Haynes,* 91 N. Y. 346, 350; *Davis* v. *Jones,* 4 How. Pr. 340, 341) and his general appearance and participation in the action, without objection, which conferred jurisdiction, admitted he was regularly in court and conceded the regularity of the preliminary proceedings and waived and cured all irregularities therein.    (*Shaffer* v. *Riseley,* 114 N. Y. 23, 26; *Nemetty* v. *Naylor,* 100 id. 562, 569; *Fowler* v. *Haynes, supra; Attorney-General* v. *Guardian Mut. Life Ins. Co.,* 77 id. 272; *Mc Key* v. *Lockner,* 43 App. Div. 43; *Spruhn* v. *Brown,* 63 Misc. 46, 47; *Behan* v. *Phelps,* 27 id. 718, 723; *O'Brien* v. *Foster,* 181 N. Y. Supp. 69; *Conway* v. *Hitchins,* 9 Barb. 378; *Hill* v. *Smith,* 2 How. Pr. 242; *Mulkins* v. *Clark,* 3 id. 27; *Dix* v. *Palmer,* 5 id. 233; *Webb* v. *Mott,* 6 id. 439; *Baxter* v. *Arnold,* 9 id. 445; *Sprague* v. *Irwin,* 27 id. 51.)    Any

appearance, except to challenge the jurisdiction, is general. (*Coatsworth* v. *Thompson*, 5 N. Y. St. Repr. 809; *Baxter* v. *Arnold, supra;* 35 C. J. 583.) A defendant may waive any irregularities in the mode by which his person is subjected to the jurisdiction of the court and may dispense with the service of process, as he may waive any other personal privilege. When he is in court as a party, the law gives jurisdiction of his person whether his appearance was voluntary or by compulsion. (*Burckle* v. *Eckhart,* 3 N. Y. 132, 137.) No return is necessary where the defendant appears. (*Manning* v. *Johnson,* 7 Barb. 457; Field's Justice Manual, 450, note.) The instant case is thus distinguishable from *Haight* v. *Potter* (188 App. Div. 502); *Moore* v. *Taylor* (88 id. 4), and other cases in which the defendant defaulted.

These charter provisions are modal and designed for the regulation of procedure in said City Court; they are no more sacred than any other rules of practice and may be waived like other personal, statutory or constitutional rights or privileges. (*McCoun* v. *N. Y. C. & H. R. R. R. Co.,* 50 N. Y. 176, 177; *Embury* v. *Conner,* 3 id. 511; *Burckle* v. *Eckhart, supra; Collinson* v. *Wier,* 91 Misc. 501, 505 *et seq.; Fiero* v. *Reynolds,* 20 Barb. 275; *Jenkins* v. *City of Hudson,* 8 Civ. Pro. 70; *Hardenburgh* v. *Crary,* 15 How. Pr. 307; *Nason* v. *Luddington,* 56 How. Pr. 172.) As was said by BROWN, J., in *Cowenhoven* v. *Ball* (118 N. Y. 231): " In civil cases a party may stipulate away all his rights, questions of jurisdiction as well as others, and he may do this by express agreement, by acts inconsistent with the objection, or by his silence and omission to present the proper points when he ought to object," or by implication by any act indicating it to be the design of the person entitled to make it, not to insist upon it. (*People ex rel. Jennys* v. *Brennan,* 3 Hun, 666, 673, and cases cited.)

The defendant having appeared and acquiesced in the service, proceedings and adjournment, without objecting to the failure to file the return and complaint then, when the defect could probably have been supplied, misled the plaintiff and made him believe he would not insist thereon or object thereto later and thus waived the observance by the court of these charter provisions intended for his benefit, and cannot now be heard to object to the regularity of the proceedings, at this late date, to the prejudice of the plaintiff. Peculiarly pertinent here are the words of FOLGER, Ch. J., in *Hilton* v. *Fonda* (86 N. Y. 339, 352): " May a person having knowledge of the course prescribed by law to an official, look on and see the officer innocently turn aside therefrom, and withhold from saying the word that would recall him to the lawful track, may he, by silence and acts and words and seeming acquiescence,

encourage him in his departure, and then maintain an action against him in his personal capacity therefor? We think not. Such conduct the law will hold to be a waiver of the right of the party to have an exact compliance with the statute in his favor. The law will hold him as assenting to the wrongful act, and apply the maxim: *Volenti fit non injuria.* It is a general rule of the English law that no one can maintain an action for a wrong where he has consented to the act which he alleges has hurt him; and this principle has often been applied under states of facts, showing that though the defendant was in the wrong, the plaintiff's negligence has contributed to produce the damage consequential on the act complained of." The Legislature never intended to destroy the the right of waiver, even where no jurisdiction or a nullity exists, if defendant appears. (*Clapp* v. *Graves*, 26 N. Y. 418, 420; *O'Brien* v. *Foster, supra; Pixley* v. *Winchell*, 7 Cow. 366.) He is estopped by his acts and silence from denying the jurisdiction and regularity of the preliminary steps and proceedings. (*Vose* v. *Cockcroft*, 44 N. Y. 415; *Blair* v. *Wait*, 69 id. 113; *Furanz* v. *Tramontano*, 177 App. Div. 52.) The court having acquired jurisdiction, retained it for all purposes, and on default could enter judgment forthwith upon filing summons and complaint with proof of service. (Charter, § 141; *Sagendorph* v. *Shult*, 41 Barb. 102, 105.)

It is the uniform practice to sustain judgments of courts of inferior jurisdiction by every reasonable and warrantable intendment (*Schoonmaker* v. *Spencer*, 54 N. Y. 366), unless some vital error has been committed affecting a substantial right. (*Bell* v. *Moran*, 25 App. Div. 461, 464; *Gridley* v. *Wood*, 180 id. 831; *Helmick* v. *Churchill*, 92 Hun, 524.) Failure to file proof of service on the return day affected no substantial right for the purpose of the summons was to apprise the defendant when and where judicial action would be taken. (*McCoun* v. *N. Y. C. & H. R. R. R. Co.* and *Sagendorph* v. *Shult, supra.*) He was served. He responded. Filing the return could give him no more notice, or secure him rights which he voluntarily relinquished. It was his duty to object at the proper time or forever after hold his peace. Objection then made might have been continued in *statu quo* (*Coatsworth* v. *Thompson, supra*); but not having spoken when he should, he cannot when he would. (*Cowenhoven* v. *Ball, Shaffer* v. *Riseley, Collinson* v. *Wier* and *Hardenburgh* v. *Crary, supra; Johnson* v. *Oppenheim*, 55 N. Y. 280, 291.) Defendant's attorney was not required to prove his authority (Charter, § 140) and is deemed authorized to manage and adjourn the suit and defendant is bound by his acts, admissions and stipulations, even if he did not know of the irregularity at the time. (*Beardsley* v. *Pope*, 88 Hun, 560; *Brown*

v. *Nichols,* 42 N. Y. 26; *Kramer* v. *Gerlach,* 28 Misc. 525; *Pixley* v. *Winchell,* 7 Cow. 366; *Hardenburgh* v. *Crary, supra.*) *Ignorantia juris neminem excusat.* (*Champlin* v. *Laytin,* 18 Wend. 407; *Collinson* v. *Wier, supra.*) Instead of raising the question at the earliest opportunity (*Lonas* v. *Myers,* 98 Misc. 476, 480), or appearing on the adjourned day, or making any inquiry during the two years it was on the calendar, the defendant seems to have abandoned the case, and made no objection at any time before, even when personal demand was made and notice of the judgment given by the constable under execution nearly a year ago, and he has put himself where he cannot take advantage of the sharp practice of his adversary by reason of his own laches. (*People* v. *Bailey,* 136 App. Div. 130, 131.) Having appeared, notice of every step in the action should have been given his attorney (Miller Introd. to Prac. 24) and no snap judgment taken; but this application is not made within three months from the entry of judgment, or notice thereof, as required by section 147 of said charter, and the defendant has not appealed. (*Cooper* v. *Cooper,* 107 App. Div. 118; *Baker R. & L. Co., Inc.,* v. *Buel,* 188 id. 822; *Bennett* v. *Cole,* 173 id. 521; *Lenham Mercantile Co.* v. *Herke,* 55 Misc. 310, 312.) The defendant has not proceeded in the statutory time or manner, to give this court power to grant relief to this unfortunate defendant, no matter how equitably he may be entitled to it. The charter should be amended to prevent such injustice.