TRIANGLE PUBLICATIONS, INC., Plaintiff, *v.* WORTH ADVERTISING AGENCY CO., INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, April 12, 1951.

*George Starke* for plaintiff.

*Herbert M. Fern* for defendant.

GENUNG, J. In this motion for summary judgment the facts are not in dispute. The attorneys for both sides stipulate and agree upon the following statement of facts:

Plaintiff has a judgment against an employee of defendant.

An order directing the issuance of a garnishee execution against the salary of the employee (judgment debtor) was duly granted.

The marshal, to whom the execution was issued, mailed it to the defendant (employer) by registered mail with return receipt requested. In due course, the receipt was returned to the marshal.

The defendant raises two objections to the motion:

(1) That section 684 of the Civil Practice Act requires that the garnishee execution be served personally by the marshal, and

(2) That section 684 of the Civil Practice Act requires that the marshal go to the employer's place of business to pick up the 10% deductions made by the employer, and that the employer is only required to make the deductions but not to send the deductions to the marshal.

With regard to point 1, the controversy, then, is as to the meaning of the word " presentation " as used by the statute, section 684 of the Civil Practice Act. So far as material this section reads: " * * * on *presentation* of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts * * * are due and owing, * * * said execution shall become a lien ". (Italics supplied.) Other parts of the section use variations of the word " present," but *nowhere is anything said about personal service or a personal delivery of the execution.*

Where the Legislature intended personal service, it is so stated definitely and clearly as in section 220 *et seq.* of the Civil Practice Act, section 21 of the New York City Municipal Court Code, sections 774 and 783 of the Civil Practice Act, and cognate statutes and rules of the courts.

Rule 20 of the Rules of Civil Practice authorizes the service of papers in an action by mail " other than a summons or other process, a paper to bring a party into contempt, or where a mode of service is specially prescribed by law ".

The mode of service here is specially prescribed by law; that is, it must be " presented." The word " presented " has variable meanings, dependent on the context in which used. The Century Dictionary defines the word " present " as being derived from " *prae.,* before, + *esse,* be * * * to place before, show, * * * exhibit ".

In the following cases, mailing has been held to be a sufficient presentation: *Matter of Wiltse & Fromer* (5 Misc. 105, claims against an estate); *Ellison* v. *Lindsley* (33 N. J. Eq. 258, 260, claims to an assignee for the benefit of creditors); *State ex rel. Burchard* v. *Byrne* (54 N. D. 274, petitions for nomination at a primary election presented to Secretary of State); *Matter of Brown* (60 Misc. 35, claims against an executor of an estate).

To " present " in court, is equivalent to " file " or to submit for decision. (*Olcott* v. *Salt Bayou Drainage District,* 145 Ark. 101; *Noble* v. *The State,* 112 Tex. Cr. Rep. 541.)

In the case of *Guaranteed Title & Mtge. Co.* v. *Calleran* (16 N. Y. S. 2d 413) it is stated that the judgment debtor has no standing to object to the manner of the service of the garnishee execution. Of course, if an employer makes a payment, he certainly cannot come in later and assert the defense of " personal service." There definitely would be a waiver. There is no statute or rule of public policy prohibiting a waiver. (*Daley* v. *Dennis,* 137 Misc. 1; *Beatty* v. *Guggenheim Exploration Co.,* 225 N. Y. 380.)

A garnishee execution when presented by registered mail with a return receipt requested is presented as effectively and satisfactorily as by personal service; in fact, it may be that a great many employers would prefer to have it done this way.

Accordingly, it follows that " presentation " as used in section 684 of the Civil Practice Act means either personal service or service by registered mail with a return receipt requested.

With regard to the second point raised, *there is nothing in the statute which compels the marshal to go to the employer's place of business* weekly or monthly *for the purpose of picking up the deductions made by the employer.* Section 684 of the Civil Practice Act merely says that it shall be the duty of the employer " to pay over " to the marshal or Sheriff. " To pay over " does not mean that it is compulsory for the marshal to call for the money. " To pay over " means to " transmit ", " remit ", " send " or " deliver ". It may be that most employers would not want the officer to come to his place of

business but would much prefer mailing a remittance to the marshal's or Sheriff's office.

The employer may be busy with other matters at the particular moment when the officer calls. It would be a hardship on the employer. It is much easier for him to attend to the matter some other time of the day to suit his convenience and mail it to the marshal or Sheriff. Besides, if the marshal or Sheriff were to call for the collections, it is certainly conceivable that he might have to go there a hundred or more times to effect collection in full. This would mean additional fees and expenses chargeable to the defendant. In addition, a call by the marshal or the Sheriff at the employer's place of business is not desirable to an employer, who, after all, is a third party and an innocent one insofar as the judgment is concerned. It is conceivable that a marshal may call at the employer's place, announce his name and title, and that customers or creditors may be present at the time, overhear the word " marshal " and receive the wrong impression as to the nature and purpose of the marshal's visit.

Accordingly, it follows that the statute does not require the marshal or Sheriff to go to the employer's place of business to collect the deductions made by the employer and that it is much more practical and preferable for the employer to mail the remittances to the marshal's or Sheriff's office.

Motion for summary judgment is granted.