F. E. BARONS v. B. R. ANDERSON, *as Justice of the Peace, etc.*

1. JUSTICE'S COURT—*Judgment Vacated—New Trial, Granted.* Where an action pending in a justice's court is continued, by consent, to 1 o'clock P. M. of a certain day, but the justice makes an entry of the continuance in his docket which may be read 10 o'clock A. M. of the same day instead of 1 o'clock P. M., and the justice, through his mistaken belief that the cause does stand for hearing at 10 o'clock A. M., at the request of the plaintiff and in the absence of the defendant tries the action, and renders judgment against the defendant, such judgment, on motion of the defendant, may be vacated because of its rendition before the action stood regularly for trial, and a new trial granted, on reasonable notice of such motion being given to the plaintiff.

2. NEW TRIAL—*Reasonable Notice of Motion.* Where an action is continued, by consent, to 1 o'clock P.M. of a certain day, but, through the mistake of the justice, taken advantage of by the plaintiff, is tried, and judgment rendered against defendant in its absence, at 10 o'clock A. M. of the same day, and after judgment has been rendered and before the hour of 1 o'clock P.M. of the same day, the attorney for the defendant tells an attorney for plaintiff that he will be at the justice's court at 1 o'clock P. M., and does go there, makes a motion to vacate the said judgment and for a new trial, and while so doing the partner of one of the attorneys for plaintiff comes to the justice's office, and is notified of what is being done, *held,* that these facts constitute a reasonable notice to plaintiff of the motion for a new trial.

3. EXECUTION—*Issue, Not Compelled.* A justice cannot be compelled by mandamus to issue an execution on a judgment rendered in an action before it stood regularly for trial, after such judgment has been vacated and a new trial granted.

### *Error from Cloud District Court.*

THE opinion contains a statement of the facts. Plaintiff *Barons* brings here for review a certain judgment rendered against him and for defendant *Anderson,* in the district court, on March 4, 1886.

*L. J. Crans,* for plaintiff in error.

*B. R. Anderson,* and *Laing & Wrong,* for defendant in error.

Opinion by HOLT, C.: The plaintiff made application to the judge of the Cloud district court for an alternative writ

of mandamus against the defendant, which was granted, and the writ issued. Afterward, upon a trial, it was adjudged by the district court that a peremptory writ of mandamus be refused. The plaintiff below, the plaintiff in error here, asks for a review and reversal of the judgment.

There was quite an amount of evidence introduced, and on some questions there is a serious conflict, but from the testimony, we believe these facts are fairly established : This plaintiff was plaintiff in an action wherein the Clyde Mill Co. was defendant, brought in the court of A. B. Chaffee, a justice of the peace for the county of Cloud. A change of venue was taken to the court of B. R. Anderson, the defendant herein, another justice of the peace of the same county. On the day agreed upon for the trial, both parties appeared, and an application was made for a continuance; at first it was suggested that the case be set for trial at 10 o'clock A. M. on February 11, 1886 ; but before an agreement was made, the agent of the plaintiff, Barons, suggested that the cause be set for 2 o'clock P. M., instead of 10 o'clock A. M. After a little further talk it was agreed that the cause be set for trial at 1 o'clock on that day, in order that witnesses from the city of Clyde, in the same county, might reach the place of trial by the noon train. The justice of the peace in putting down the time of the adjournment upon the docket, made an entry that might be read either 10 o'clock or 1 o'clock. A subpena was written out by Mr. Sturges, attorney for the plaintiff, in which the time of trial was stated to be 1 o'clock P. M. Upon the 11th day of February aforesaid, Mr. Sturges, the leading attorney for the plaintiff, was absent from the county, and she secured the services of L. J. Crans, Esq., an attorney who had no knowledge whatever of the agreement of the time of the adjournment. Mr. Crans, at the suggestion of the plaintiff, went to the office of the justice a little after ten, and announced himself ready for trial, and proceeded to try the case, after waiting one hour, and obtained a judgment of $300 damages and $31 costs against the Clyde Mill Co. J. W. Sheafor, who was an attorney with Mr. Sturges at the commencement of the action,

appeared also as attorney, upon the 11th day of February, as shown by the docket, although he did not actively participate in the trial. During the progress of the trial Mr. Sheafor went from 'Squire Anderson's office to 'Squire Chaffee's, before whom the action was commenced, to examine some items of costs connected with the case. On his way back he met Mr. Laing, attorney for the defendant, who had been to his office to ask him if he wanted to try the case that afternoon on account of the absence of Mr. Sturges. Mr. Sheafor replied that he thought Mr. Crans had already obtained a 'judgment, and stated that Mr. Crans was the active attorney in the case. He told Mr. Laing at this time that he had had the impression that the case was adjourned until one o'clock. Mr. Laing told him he should be on hand at that time. At one o'clock Mr. Laing appeared and filed his motion to set aside the judgment, and supported it by affidavit. During the time that these proceedings were being had before 'Squire Anderson, Mr. M. V. B. Sheafor, partner of the Mr. Sheafor who appeared in the case, came in; he was told by Mr. Laing that he was taking steps to set aside the judgment. Mr. Sheafor replied that they had nothing further to do with the case. The justice of the peace set aside the judgment, and set the case for trial for March 10th, at one o'clock P. M. Mr. Laing, the attorney for defendant, did not notify Mr. Crans of the motion, but on the following day Mr. Crans came in and had a long discussion with the justice about the time that the case was set for trial, whether it was ten o'clock A. M. or one o'clock P. M. After ten days Mr. Crans filed a precipe for an execution; the justice refused to issue one; this action was brought to compel him to do so.

We have made a full statement of the facts, so that there can be no mistake in regard to the scope of the opinion filed in this case. Plaintiff in error contends that the judgment rendered by the justice of the peace was a valid, subsisting one, but that if there was irregularity in obtaining it, at most it was only voidable and not void, and could not be set aside

26 — 37 KAS.

in the justice's court, but it must be done, if at all, by a reviewing court. The defendant claims that it was a void judgment which could be vacated at any time, and cites the case of *Briggs v. Tye,* 16 Kas. 285. This is not a case parallel with the one cited. There the summons was issued on the 10th day of July, and was made returnable on the 14th. Judgment was rendered on the 10th, the day the summons was issued. It is held in that case that the judgment was void because the justice of the peace had no jurisdiction over the defendant. In this case, however, both plaintiff and defendant had appeared in court, and the justice had exercised jurisdiction by continuing it.

That there was an irregularity in rendering the judgment before the hour set for trial, there can be no question. The judgment was voidable at least, and could have been set aside on motion, after proper notice. A justice before whom a cause has been tried has the power to vacate a judgment and grant a new trial, for the same reasons, in like causes, as provided in the code of civil procedure, § 3, ch. 152, Laws of 1885; (§ 110, ch. 81, Compiled Laws of 1885.) By the provisions of the code, a judgment may be vacated because of its rendition before the action stood regularly for trial. (Civil Code, § 569.)

But the plaintiff further says, while not conceding the authority of the justice to vacate the judgment rendered in this cause in any event, that the defendant, in the action of Barons *v.* Clyde Mill Co., did not give the plaintiff the reasonable notice provided for by § 111, chapter 81, Compiled Laws of 1879; and no such notice having been given, the order vacating the judgment was *coram non judice,* and therefore void. We believe the plaintiff had sufficient notice, for the reason that the proper time to have tried this cause was 1 o'clock P. M., February 11th, and she should have been at the trial at that time. That time was first set at the suggestion of the agent of the plaintiff, who was a witness also at the trial at 10 o'clock. It was fully understood by the attorney for the plaintiff, who was absent, and it was the impression of one of the attorneys for the plaintiff, who was an attorney at the time the contin-

uance was obtained, though not present at that time, and was also present as attorney for plaintiff during part of the trial at 10 o'clock. The entry of the hour of trial at 10 o'clock was a mistake, and was a mistake that the plaintiff knew, or ought to have known. The knowledge of her agent who was present, and the positive knowledge of her attorney who was absent at the trial, and the impression of one of the attorneys at the trial, is certainly enough to establish the presumption that she knew that the proper time for hearing the cause was 1 o'clock P. M. instead of 10 o'clock A. M. Again, after the judgment was rendered and before 1 o'clock, an attorney for the defense notified one of the attorneys for the plaintiff that he should be on hand at 1 o'clock to attend to the case ; and during the time that he was actually engaged in the preparation and hearing of the motion for a new trial, he notified the partner of one of the attorneys, who was present in the morning, that he was having the judgment vacated.

It is worthy of note, that in the controversy in the district court whether the action of Barons $v$. The Clyde Mill Co. was set for trial at 10 o'clock A. M. or 1 o'clock P. M., neither the plaintiff nor her agent was called upon to give any evidence as to their knowledge of the hour of trial.

We think if the mere mistake of entering erroneously upon the justice's docket the time when an action would have been for trial, is sufficient to empower the justice's court to try it and render judgment which could not be set aside except in a direct proceeding, the same justice's court would have been authorized under the notice shown to have been given this plaintiff, to vacate its former judgment, grant a new trial, and thus correct its own mistakes. The order of the justice's court vacating its former judgment and granting a new trial, now appears to be a valid and subsisting judgment. It has never been reversed, modified, or appealed from. It was rendered upon notice, and cannot therefore be attacked or questioned in this proceeding. If it is valid, it follows as a matter of course that the judgment of the district court is correct. By this order of the justice granting a new trial, the plaintiff was placed in

the same condition she was in before the rendition of the judgment prematurely; she has lost no rights, nor has she gained any advantages, by the mistake made by the justice. Every principle of fair dealing and the proper administration of justice was sustained by the decision of the trial court in refusing the peremptory writ of mandamus.

We believe in the orderly administration of justice, and believe that uniform and proper rules are necessary in conducting the courts, and would be the last to infringe upon or impair them, yet it is with pleasure that we brush aside the technical cobwebs that have been spun in this case. We are satisfied that by this decision this plaintiff and the Clyde Mill Co. will each have its day in court, and an opportunity to have their differences fairly tried upon their merits. If the judgment rendered in favor of the plaintiff in the justice's court had been sustained, the Clyde Mill Co. would have been deprived of that right without fault or negligence on its part.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.