## W. H. H. FREEMAN v. THE WYANDOTTE LOAN & TRUST COMPANY.

### No. 255.

1. PRACTICE IN JUSTICE'S COURT—*premature judgment may be set aside.* Where an action pending in justice's court is continued to nine o'clock A. M. of a certain day, and the justice makes an entry of such continuance in his docket, and afterward, at about ten o'clock, at the request of the defendant, in the absence of the plaintiff, dismisses the action for want of prosecution and renders judgment for costs, such judgment, on motion of the plaintiff, may be vacated because of its rendition before ten o'clock, and a new trial granted, on reasonable notice of such motion being given to plaintiff.

2. ——— *appearance by defendant to contest motion to reinstate dismissed action gives jurisdiction.* In an action before a justice of the peace, a judgment of dismissal was, in the opinion of the justice, improvidently entered. The defendant appeared, contested the motion to set aside the default, took a part in the trial, appealed to the district court, and afterward testified at the trial. *Held,* That he is by reason of such acts estopped from claiming that the district court had no jurisdiction of his person.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed July 16, 1897. *Affirmed.*

*W. H. H. Freeman,* for himself.

No appearance for defendant in error.

McELROY, J. This was an action brought by the Wyandotte Loan & Trust Company, as plaintiff, against W. H. H. Freeman, defendant. The action was commenced before a justice of the peace; the case was continued until September 15, 1892, at nine o'clock A.M. The record shows that the defendant appeared in person, and that the case was dismissed for want of prosecution. The plaintiff filed a motion to reinstate the case for the reason that the same was dismissed

before the hour of ten o'clock A.M.  On September
20, at nine o'clock A.M., this motion was heard on af-
fidavits, and the justice found for the plaintiff, set
aside the default, and set the case for trial.  During
the trial the defendant was sworn and examined in his
own behalf.  Afterward, on the twenty-sixth day of
September, the justice rendered judgment against the
defendant.  The defendant filed his appeal bond, and
then appeared specially in the District Court and
asked the dismissal of the case because the court had
no jurisdiction of the defendant or the subject-matter
of the action.  The motion to dismiss was submitted to
the court, overruled, and excepted to.  The defendant
objected to the introduction of any testimony because
the court had no jurisdiction of the person of the de-
fendant.  The objection was overruled.  The plaintiff
on the trial offered evidence, and the defendant was a
witness in his own behalf.  The jury found a verdict
in favor of the plaintiff.  The defendant filed a motion
for a new trial, which was overruled, and he now pre-
sents the case to this court for review.

The record does not contain any of the evidence.
The only question presented to this court is as to
whether or not the District Court had jurisdiction of
the person of the defendant, plaintiff in error, and
the subject-matter of the action.  Freeman appeared
before the justice of the peace and took issue with the
plaintiff upon the merits of the motion to reinstate
the case.  This issue was tried on affidavits, and the
court found for the plaintiff.  This proceeding of the
justice of the peace has been held to be within his au-
thority.  *Barons v. Anderson, Justice*, 37 Kan. 399.

In the case of *Haas v. Lees* ( 18 Kan. 449 ), Chief Jus-
tice Horton, delivering the opinion of the court, held

that an appeal taken by the defendant waived all questions of jurisdiction as to his person, saying :

"The plaintiffs in error are in no condition to take any advantage of any defective service in the proceedings before the justice of the peace, ( if any there was, which we do not decide,) for by their appeal they are estopped from denying service of summons. Any defect existing in the service of process is thereby waived. The action of the plaintiffs in error, in presenting and having a bond of appeal filed and approved, is a submission in itself to the jurisdiction of the court ; and they cannot now be permitted on error to allege a want of jurisdiction."

The plaintiff in error, by his appearance and by contesting the motion to set aside the default ; by his appearance at the trial in justice's court ; by presenting and having a bond of appeal filed and approved ; by his appearance afterwards and taking part in the trial, waived any question as to the jurisdiction of his person. It appears, however, from the record in the case, that the court at all times had jurisdiction of the plaintiff in error and of the subject-matter.

The judgment of the trial court will be affirmed